■ MELVIN L. WICHNER, Appellant, v CLARA FORTUNOFF et al., Respondents. — Order of the Supreme Court, New York County (George Bundy Smith, J.), entered on March 24, 1983, which denied plaintiff's motion for a preliminary injunction and partial summary judgment and granted defendants' cross motion for summary judgment dismissing the complaint, is unanimously modified, on the law, to the extent of reinstating the third cause of action and otherwise affirmed, without prejudice to any remedies which plaintiff might have in Surrogate's Court, and to any defenses thereto, without costs or disbursements.

In the third cause of action, which seeks damages from defendant Howard Wichner for conversion of certain personal property, plaintiff alleges that in 1970 he placed watches, jewelry, a coin collection and a stamp collection in the care and custody of

his stepfather, the now-deceased Benjamin Wichner, and the latter's son, Howard Wichner, and that defendant has failed to return these items despite a demand being made for them. Special Term held that because the third cause of action is founded in conversion and the instant action was not commenced until 1980, it is barred by the three-year Statute of Limitations set forth in CPLR 214. However, the parties involved herein offer conflicting versions of the facts. Howard Wichner asserts that the property in question did not belong to plaintiff but to Benjamin Wichner and that, in any event, it had been disposed of by 1976. Plaintiff, on the other hand, claims that following Benjamin Wichner's death in 1975, when the property passed into the sole custody of Howard Wichner, plaintiff continued to believe that his belongings would be more secure with his half brother than they would be in his own possession, particularly since defendant advised him that the items were stored in defendant's safe-deposit box. Plaintiff further states that on various occasions after Benjamin Wichner's death, defendant contacted him for the purpose of arranging to purchase coins or stamps from plaintiff's collection and that defendant thereupon paid for these items. It is also plaintiff's contention that he had no reason to be concerned for the safety of his belongings until 1980 and that defendant then failed to respond to his demand for return of the property. In view of the factual dispute between plaintiff and his stepbrother, it is not clear when the Statute of Limitations began to run and, consequently, summary judgment dismissing the third cause of action was unwarranted. Concur — Sullivan, J. P., Fein, Milonas and Kassal, JJ.