**STATE of Iowa, Plaintiff–Appellee,**

v.

**Eric L. LAMBERT, Defendant–Appellant.**

**No. 91–1639.**

Court of Appeals of Iowa.

March 30, 1993.

Linda Del Gallo, Appellate Defender, and Patricia J. Cone–Fisher, Asst. Appellate Defender, for defendant-appellant.

Bonnie J. Campbell, Atty. Gen., Richard J. Bennett, Asst. Atty. Gen., William E. Davis, County Atty., and Hugh J. Pries, Asst. County Atty., for plaintiff-appellee.

Heard by HAYDEN, P.J., and SACKETT and HABHAB, JJ.

SACKETT, Judge.

Defendant-appellant Eric L. Lambert appeals following his conviction of delivery of a controlled substance in violation of Iowa Code section 204.401(1)(c) (1991). We affirm.

Defendant allegedly sold cocaine to a young woman who was majoring in law enforcement in college and who volunteered for police work. When buying the cocaine she had a device for recording her conversation with defendant and a video tape was made of the transaction. Defendant contends his trial counsel was not effective because he failed to move to suppress the young woman's identification of him at trial. Defendant also contends his judgment for a directed verdict should have been sustained, and he did not have a jury representing a fair cross-section of the population.

The young woman who allegedly purchased cocaine from defendant went to the Davenport Police Department after buying the cocaine. She described the transaction. She was shown a photograph of defendant that had been taken that evening. The woman was not shown other photographs. There is no evidence she identified the person in the photograph as the person who sold her the cocaine. Between the time of the sale and the defendant's trial, the woman looked at defendant's photograph again, reviewed the audio tape and the report of a detective of the events leading to defendant's arrest. The woman identified defendant at trial as the person who had sold her the cocaine. Defendant contends his trial counsel should have moved to suppress her identification because the procedure surrounding the sale and defendant's arrest made the witness's identification not reliable and tainted by a suggestive identification procedure. The State responds that trial counsel was effective. The State argues there was a valid tactical reason defense counsel took the approach taken. The State recognizes the woman had not identified defendant before trial but had made identification only from defendant's photograph. The State points out defense counsel in closing argument advanced the woman's identification of defendant at trial should not be believed by the jury and should be suspect because the woman had not identified defendant as the person from whom she bought cocaine before trial.

The State further argues even if a motion had been made to prevent the woman from identifying defendant as the person from whom she bought cocaine, it would not have been sustained. The State argues the identification was reliable because the woman had an opportunity to look at defendant when she bought the cocaine and her identification had reliability.

Defendant has not made the requisite showing to be successful on this challenge. When considering a claim that a defendant in a criminal trial has not received adequate representation, our ultimate concern is with "the fundamental fairness of the proceeding whose result is being challenged." *Strickland v. Washington,* 466 U.S. 668, 696, 104 S.Ct. 2052, 2069, 80 L.Ed.2d 674, 699 (1984). In deciding this we must consider whether "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. at 2064, 80 L.Ed.2d at 692–93. In examining an attorney's representation, we

review the record de novo. *See State v. Risdal*, 404 N.W.2d 130, 131 (Iowa 1987). The defendant bears the burden of proving by a preponderance of the evidence that his or her counsel failed to perform an essential duty and he or she was prejudiced. *Id.* at 131–32.

■ Defendant must overcome a strong presumption his or her trial counsel's actions were reasonable and fell within the normal range of professional competency. *See State v. Hildebrant*, 405 N.W.2d 839, 841 (Iowa 1987). Defendant must also show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *See Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068, 80 L.Ed.2d at 698.

Defendant next contends a motion for acquittal that he made at the close of the State's case should have been sustained. Defendant contends there is not substantial evidence to prove beyond a reasonable doubt defendant sold cocaine at the time and place charged. Defendant contends in reviewing this issue he should be provided a favorable inference about an audio tape inadvertently destroyed by the State after trial but before this appeal was ready for submission.

■ In reviewing defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State. *State v. Wheeler*, 403 N.W.2d 58, 60 (Iowa App.1987). Substantial evidence means such evidence as could convince a rational trier of fact defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the State, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass*, 349 N.W.2d 498, 500 (Iowa 1984).

■ The issue is whether defendant was the person who sold the cocaine to the young woman. The woman identified defendant at trial, but not before trial, as the person who sold her cocaine. We agree with defendant this was not a strong identification. The officer who video taped the transaction also identified defendant. He was some distance from the site. The video tape apparently did not give a clear view of the transaction or provide a clear identification of defendant. When defendant was arrested he did not have any cocaine and he did not have the $20 bill used by the woman to purchase the cocaine.

Defendant points to the missing tape. He contends the missing tape showed the person who sold the drugs was under the influence of drugs or alcohol. Defendant says the officer arresting him two hours after the alleged incident saw no signs he was intoxicated or on drugs.

■ This tape is unavailable to us and apparently had been destroyed. After the jury found defendant guilty but before he was sentenced, the State got an order without notice to the defendant allowing it to remove the audio tape from the exhibit file in the county clerk's office. There apparently was evidence concerning another case on the tape. The tape is no longer available. We were told at oral arguments the tape was inadvertently erased by the police department. Generally where the State intentionally destroys evidence before trial, a defendant may be entitled to have the jury instructed it should draw a favorable inference for defendant from the destruction of the evidence. *See State v. Maniccia*, 355 N.W.2d 256, 259 (Iowa App.1984). Defendant contends the destruction of the tape has resulted in his inability to fully advance his position for reversal to this court. Defendant contends in reviewing the sufficiency of the evidence we should look to his contention the jury failed to adequately consider the facts of the case that were favorable to him. He contends the State's identification of him as the perpetrator of the crime is weak and we cannot say the tape might not affect our view of the sufficiency of the evidence.

■ The issue of the State's destruction of evidence after trial but before appeal has not been addressed by the Iowa courts. Defendant has given us no authority from

this or any other state supporting the position he advances. The State did continue to have responsibility for the tape when it checked it out from the clerk's office and while under the State's care the tape was destroyed. Whether the tape was intentionally destroyed or merely inadvertently destroyed cannot be determined from the record before us. However, as the issue is presented here, we do not find it necessary to decide that issue.

Defendant does not challenge the admissibility of the tape at trial. The jury heard the tape and convicted defendant. Defendant relies on the tape for the fact it allegedly showed the drug peddler to be under the influence of drugs or alcohol. Defendant contends the evidence shows he was not under the influence of either when arrested two hours later. The question of whether the person on the tape was under the influence of drugs or alcohol was a fact question the jury decided against defendant. While it is a close question, there was substantial evidence without the tape to prove beyond a reasonable doubt defendant committed the crime. Under the specific facts of this case we do not, as defendant requests, consider the fact the audio tape was destroyed while in the custody of the State as a favorable inference for defendant.

Defendant's last challenge is he is an African–American and the Scott County jury selection process fails to provide to him his constitutionally guaranteed right to a jury representing a fair cross-section of the community. Defendant advances during the time in question the African–American population of Scott County was 4.1 percent of the population while the number of African–Americans in the jury pool was 2.7 percent. He contends he has shown nonwhites are consistently underrepresented in the Scott County jury pools.

An African–American person is a minority in this state and a jury chosen to decide his or her fate should not harbor or exercise racially discriminatory prejudices toward him or her. *See Wright–Bey v. State*, 444 N.W.2d 772, 776 (Iowa App. 1989). The chances such prejudices may be overt is significantly lessened when the jury panel represents diverse backgrounds. *Id.* There is substantial support for the proposition decision-makers are fairer when the persons making the decisions come from different corners. Counterbalancing of various biases is critical to the accurate application of the common sense of the community to the facts of any given case. *Ballew v. Georgia*, 435 U.S. 223, 234, 98 S.Ct. 1029, 1036, 55 L.Ed.2d 234, 242–43 (1978).

In *State v. Jones*, 490 N.W.2d 787, 793 (Iowa 1992), the Iowa Supreme Court in addressing a challenge to the African–American representation on an Iowa jury panel found an African–American defendant failed to establish his jury was drawn from a pool not representing a fair cross-section of the community, where the absolute disparity was 1.5 percent but the comparative disparity was 41 percent of that distinct group in the general population of the county. Applying *Jones*, we find defendant's contention on this issue to be without merit.

**AFFIRMED.**