OPINION OF THE COURT
Peter Tom, J.
Defendant Yeshiva University (Yeshiva) moves to dismiss plaintiff’s causes of action sounding in negligent and intentional spoliation of evidence (i.e., destruction of evidence) on the ground that this jurisdiction does not recognize spoliation as a cognizable tort action.
Plaintiff Susan Weigl was employed by Yeshiva as a laboratory technician. Among her duties was assisting professors and preparing materials for use by its instructors in conducting laboratory experiments during the course of teaching students. Yeshiva provided plaintiff with a laboratory coat for the performance of her duties.
On October 31, 1989, while plaintiff was in her laboratory coat preparing materials for a classroom demonstration, an accident occurred. The preparation of the experimental material allegedly ignited plaintiff’s laboratory coat engulfing her in flames. As a result of this accident, plaintiff suffered extensive burns about her upper torso including her hands and limbs. Plaintiff was transported by ambulance to the New York Hospital burn unit where she remained for IV2 months.
Plaintiff asserts that during her hospitalization she underwent multiple surgical procedures including many skin grafts and that she is presently horribly scarred and disfigured and suffers from constant pain because of contractures of her skin.
Approximately 10 days after the accident, on November 9, 1989, plaintiff’s workers’ compensation lawyers sent a letter by certified mail to her employer, Yeshiva, advising that the firm had been retained to represent plaintiff and requesting that Yeshiva secure and preserve the lab coat (among other items). In the letter, plaintiff’s counsel requests that the vital items be preserved so that plaintiff can pursue any legal *755 remedies which may be available to her as a result of this accident.
It appears that on or about March 29, 1990, i.e., two years before commencement of this action, Yeshiva produced the blender used by plaintiff at the time of the accident for inspection and testing by plaintiff’s expert and fragments of plaintiff’s burnt personal clothing, which had been retrieved and preserved. Yeshiva claims that it was unable to locate the very lab coat which plaintiff had been wearing at the time of the accident. An affidavit by Yeshiva’s employee, Leonard Brandwein, attesting to this has been submitted. However, Yeshiva advised plaintiff that the lab coat had been purchased from codefendant Quincy Specialties Company (Quincy), which was the alleged sole provider of lab coats to Yeshiva at the time.
This action was commenced by service of a summons and complaint on June 12, 1992. The complaint alleges five causes of action against Quincy, the alleged manufacturer of the coat, seeking $30 million in compensatory damages and $50 million in punitive damages. Plaintiff alleges that the lab coat was inherently and unreasonably dangerous due to its low ignition point, high meltability and flammability, and that it was not suitable for its intended use and purpose. The sixth and seventh causes of action — which are the subject of this motion —seek to recover the same sums from defendant Yeshiva on the theories of negligent and intentional spoliation. Plaintiff contends that due to defendant’s negligent and intentional failure to preserve and secure the evidence, her opportunity to prove her claims and to obtain compensation for her injuries has been destroyed and/or severely prejudiced and/or compromised.
In this motion, defendant Yeshiva moves for an order, pursuant to CPLR 3211 (a) (5) and (7), dismissing the sixth and seventh causes of action of the complaint on the grounds that they are barred by the Statute of Limitations and the complaint fails to state a cause of action as to movant; and for sanctions against plaintiff and/or her attorney, pursuant to CPLR 8303-a and 22 NYCRR part 130. Plaintiff cross-moves for an order denying Yeshiva’s motion and estopping Yeshiva from asserting the Statute of Limitations.
Yeshiva argues that since this jurisdiction does not recognize a cause of action for spoliation of evidence, the complaint failed to state a cause of action against it, and that even if *756 plaintiff can assert a cause of action for intentional spoliation or destruction of evidence it is barred by the one-year Statute of Limitations, pursuant to CPLR 215.
Spoliation of evidence appears to have been recognized as an actionable tort in three States: Alaska, Florida and California (see, e.g., Hazen v Municipality of Anchorage, 718 P2d 456 [Alaska 1986]; Miller v Allstate Ins. Co., 573 So 2d 24 [Fla App 3d Dist 1990]; Bondu v Gurvich, 473 So 2d 1307 [Fla App 3d Dist 1984], review denied sub nom. Cedars of Lebanon Hosp. Care Ctr. v Bondu, 484 So 2d 7 [Fla 1986]; Smith v Superior Ct., 151 Cal App 3d 491, 198 Cal Rptr 829 [1984]), while the majority of jurisdictions refuse to recognize such a cause of action. (See, e.g., Wilson v Beloit Corp., 921 F2d 765 [8th Cir 1990]; Edwards v Louisville Ladder Co., 796 F Supp 966 [WD La 1992]; Federated Mut. Ins. Co. v Litchfield Precision Components, 456 NW2d 434 [Minn 1990]; Koplin v Rosel Well Perforators, 241 Kan 206, 734 P2d 1177 [1987]; Murray v Farmers Ins. Co., 118 Idaho 224, 796 P2d 101 [1990]; La Raia v Superior Ct, 150 Ariz 118, 722 P2d 286 [1986]; Tomas v Nationwide Mut. Ins. Co., 79 Ohio App 3d 624, 607 NE2d 944 [1992]; Panich v Iron Wood Prods. Corp., 179 Mich App 136, 445 NW2d 795 [1989]; Murphy v Target Prods., 580 NE2d 687 [Ind App 1991]; Gardner v Blackston, 185 Ga App 754, 365 SE2d 545 [1988]; Petrik v Monarch Print. Corp., 150 Ill App 3d 248, 501 NE2d 1312 [1986]; Miller v Montgomery County, 64 Md App 202, 494 A2d 761 [1985].)
The courts of New York follow the majority view and do not recognize spoliation of evidence as a cognizable tort action. A review of the relevant case law in this jurisdiction has disclosed no case precedent which recognized spoliation as a valid tort action. Rather in Pharr v Cortese (147 Misc 2d 1078 [Sup Ct, NY County 1990]) the court refused to sustain intentional spoliation of records as a viable cause of action under the factual evidence of that case.
Plaintiff asserts that the allegations of the complaint, if viewed most favorable to plaintiff, would indicate that Yeshiva discarded the laboratory coat with the intention to prevent plaintiff from proving her injury claims against the coat manufacturer thereby minimizing any third-party claims which may be asserted against Yeshiva for negligence, if any, in causing this accident and for contribution. If plaintiff can secure evidentiary proof to substantiate her claim that her employer’s destruction of the coat was designed to obstruct and did impinge upon plaintiff’s right to sue the coat manufac *757 turer, a valid cause of action may be established against plaintiffs employer.
The exclusivity provisions of Workers’ Compensation Law §11 would normally bar a lawsuit against an employer by an employee injured during the course of her employment. In this case it appears that plaintiff already has recovered workers’ compensation benefits as a result of this accident. However, the payment of compensation benefits does not shield employers from the entire law of torts (see, 2A Larson, Workmen’s Compensation, § 68.34 [b]) and common-law actions for employers’ torts arising outside the scope of the Workers’ Compensation Law are not barred by the exclusivity provisions of the compensation law. (DeMarco v Federal Ins. Co., 99 AD2d 114; Caban v Gottlieb Iron Works, 147 Misc 2d 583, affd sub nom. Caban v Bonoco Constr. Co., 172 AD2d 377.)
While New York courts do not view spoliation of evidence as an actionable tort, this jurisdiction does recognize a common-law cause of action against an employer for negligently and intentionally impairing an employee’s right to sue a third-party tortfeasor notwithstanding the employee having received workers’ compensation benefits. (Coley v Arnot Ogden Mem. Hosp., 107 AD2d 67; Caban v Gottlieb Iron Works, supra.)
A cause of action sounding in negligence requires the following elements: (1) the existence of a duty owing by the defendant to the plaintiff; (2) defendant’s failure to discharge that duty; and (3) injury to plaintiff proximately resulting from such failure (Peresluha v City of New York, 60 AD2d 226, 230 [1st Dept 1977]). The elements of a claim for a prima facie tort are the intentional infliction of harm resulting in damage without excuse or justification and by an act or series of acts that would otherwise be lawful (Marcella v ARP Films, 778 F2d 112 [2d Cir 1985]; Sommer v Kaufman, 59 AD2d 843). The motive of defendant’s act must be one of disinterested malevolence (Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314; Amodei v New York State Chiropractic Assn., 160 AD2d 279).
Summary judgment should not be granted if there is any doubt as to the existence of a triable issue and especially where there is likely to be evidence needed for the prosecution of a claim that depends upon knowledge in possession of the moving party which might well be disclosed by discovery. (See, Terranova v Emil, 20 NY2d 493.)
*758 In this case, Yeshiva’s motion to dismiss plaintiffs action as against it, pursuant to CPLR 3211 (a) (5) and (7) in lieu of an answer and prior to commencement of disclosure proceedings is premature at this stage.
Without giving plaintiff an opportunity to conduct discovery to ascertain whether sufficient evidence exists to prove the elements of negligence and/or prima facie tort against defendant and to release Yeshiva from this action at this juncture would in effect deprive plaintiff of the opportunity to prove a possible valid claim against her employer. To prevent plaintiff from attempting to prove her case would be a miscarriage of justice if plaintiff were to be able to prove that the intended scenario of the destruction of the coat was to impair plaintiffs right to sue the coat manufacturer so as to avoid liability to Yeshiva.
Plaintiff should have an opportunity to fully discover the circumstances surrounding the destruction or whereabouts of the lab coat in issue especially in light of the serious injuries sustained and whether sufficient evidence exists to hold Yeshiva in this case. Plaintiff should be permitted to depose certain witnesses, including the professor whom plaintiff was assisting at the time of the accident, individuals who came to plaintiffs aid, and Leonard Brandwein, to possibly clarify certain issues surrounding the existence or nonexistence of the lab coat. Defendant Yeshiva was given notice to preserve the lab coat shortly after the accident, yet Brandwein’s affidavit, stating that this item of evidence cannot be found, was executed nearly one year after the accident. Brandwein’s affidavit merely states that the whereabouts of the lab coat are unknown, yet it does not state whether the coat was lost, destroyed or placed in the possession of a third party. Yeshiva claims that it did not preserve the lab coat, yet it produced the shirt plaintiff wore under the coat at the time of the accident.
That portion of Yeshiva’s motion to dismiss plaintiffs causes of action as being barred by the Statute of Limitations is also denied as being premature. Statutes of Limitation do not require assertion of a right before the person entitled thereto has knowledge of or is chargeable with knowledge of such right (Low v State of New York, 202 Misc 455). While defendant asserts that it notified plaintiff on September 25, 1990 that the lab coat could not be found, the moving papers are unclear as to whether the coat was lost or destroyed, and if destroyed, whether there exist the requisite elements of *759 intent and motive for prima facie tort and when plaintiff obtained such knowledge.
Where there are substantial factual issues as to when the Statute of Limitations began to run, summary judgment should not be granted (Wichner v Fortunoff, 107 AD2d 585).
Further, if plaintiff asserts a claim grounded in negligence the Statute of Limitations of three years has not expired.
That portion of defendant’s motion seeking sanctions to be imposed upon plaintiff is denied.
Accordingly, motion by defendant Yeshiva for an order dismissing the sixth and seventh causes of action is granted only to the extent of permitting plaintiff, if she so desires, to serve an amended complaint which shall substitute the spoliation claims with causes of action against Yeshiva for negligently and/or intentionally impairing plaintiff’s right to sue a third-party tortfeasor, within 30 days from service of a copy of this order with notice of entry, otherwise defendant’s motion to dismiss is granted.
Upon joinder of issue, the parties shall proceed to disclosure proceedings. Upon the completion of discovery defendant Yeshiva is permitted, if it so wishes, to renew its motion for dismissal.
Plaintiff’s cross motion is granted to the extent of the foregoing.