The plaintiffs, Randall Rouse, his wife Evelyn Rouse, and their child Mason Rouse, appeal from a summary judgment entered in favor of the defendants Kenneth Chandler, Lee Chandler, and Chandler Construction Company, Inc., on the Rouses' complaint alleging negligence and wantonness. We affirm.
 I.
This case is related to four other cases decided this same day by this Court in Christian v. Chandler Construction Co.,658 So.2d 408 (Ala. 1995), and is related to Peek v. State AutoMut. Ins. Co., [Ms. 1930505, March 3, 1995] ___ So.2d ___ (Ala. 1995), also decided this same day. Although this case,Peek, and the cases consolidated in Christian arose from the same set of facts and were filed in the same circuit court, they were presided over by different circuit judges. Because the facts regarding the incident from which these actions all arose were thoroughly discussed in Christian, only the most relevant facts will be repeated here.
In August 1990, Kenneth and Lee Chandler, husband and wife, purchased a house in Huntsville; a wooden deck was attached to that house. The deck stood approximately 20 feet above the ground. The Chandlers later offered the house for sale and in April 1992 Perry and Vickie Vanderford made an offer to buy it, subject to its passing an inspection by a professional home inspector. During the inspection, the inspector noted the presence of several small spots of rotting wood on the handrail of the deck and on two floor boards on the deck. He conveyed the results of his inspection to the Vanderfords in a written report and presented them in a meeting at which Kenneth Chandler, who owns Chandler Construction, was present for at least part of the time. However, the inspector did not advise the Vanderfords that the deck was dangerous to use or that it needed significant repair. He merely stated that two boards and a handrail needed to be replaced and that the deck had a remaining life span of up to five years. The Vanderfords did not make their purchase contingent on the sellers' performing repairs to the deck, but they did make it contingent upon the sellers' performing repairs on the roof of the house.
On June 13, 1992, Kenneth and Lee Chandler hosted a baby shower at their house; they served the refreshments on the deck. While approximately 20 guests were standing on the deck, it suddenly collapsed, causing *Page 407 
severe injury to many guests. The next morning, after telephoning his insurance agent, Kenneth Chandler caused the debris from the collapsed deck to be removed from his property, and he eventually had it destroyed.
The Rouses sued the Chandlers and Chandler Construction on September 23, 1992. They later amended their complaint to add spoliation-of-evidence claims against James Thornton, Sr., the Chandlers' insurance agent, and State Auto Mutual Insurance Company, their insurer. The Chandlers and Chandler Construction moved for a summary judgment; the court granted the motion and made the summary judgment final as to those defendants pursuant to Rule 54(b), Ala.R.Civ.P. The Rouses appeal from that summary judgment.
 II.
As social guests at the Chandlers' residence, the Rouses were licensees. Christian, 658 So.2d at 410. We noted in Christian
that a landowner's duty toward a licensee is not to actively maintain a safe premises, but only to refrain from setting traps or creating pitfalls and to refrain from willfully or wantonly injuring the licensee. Id. at 410. Thus, "[t]he defendants' knowledge of a dangerous condition, prior to the accident, is the most crucial element of wantonness." Id. at 411. Accordingly, the focus of this appeal is on what the Chandlers knew about the condition of the deck before it collapsed — specifically, did the Rouses present substantial evidence that the Chandlers were aware, before they hosted the party, that the deck was in such a condition that it could not safely support the large number of people who would be standing on it during the party?
We noted in Christian that if the deck had been so deteriorated that the Chandlers should have been aware of a dangerous condition, that condition would have been observed by the home inspector employed by the Vanderfords. Id. at 411. However, the home inspector did not state that the deck was unsafe or that it needed to be repaired; he suggested only that two floor boards and a handrail should be replaced. We also noted in Christian that even if knowledge of the inspector's report were imputed to the Chandlers, proof of that knowledge would be insufficient to show wantonness on their part. Id. at 412.
The Rouses argue that Kenneth Chandler's eventual destruction of the deck materials, which the Rouses call spoliation of evidence, creates an inference that the Chandlers knew even before the collapse that the deck was dangerous. However, inChristian, we explained that the plaintiffs, in opposition to a properly supported motion for summary judgment, were required to offer proof of wantonness and that the relevant issue was what the Chandlers knew before the collapse about the condition of the deck; therefore, as we pointed out in Christian, "any knowledge of deterioration in the wood [the Chandlers] may have gained after the deck collapsed is immaterial." Id. at 412 (emphasis original). Thus, the general rule as to spoliation of evidence recognized in May v. Moore, 424 So.2d 596 (Ala. 1982), is not applicable here, because of the particular facts of this case.
In Christian, we affirmed a summary judgment in favor of the defendants because "the plaintiffs failed to present substantial evidence that the Chandlers had knowledge of a dangerous condition in the deck and acted with reckless indifference to the plaintiffs' safety." Id. at 413. The Rouses did not present substantial evidence on those questions either. Accordingly, the trial court correctly entered a summary judgment in favor of the defendants.
AFFIRMED.
MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, INGRAM and COOK, JJ., concur. *Page 408