The plaintiffs, Ricky Peek and his wife Barbara Peek, appeal from a summary judgment entered in favor of the defendants James D. Thornton, Sr., Wikle-Thornton-Holcombe Associates, Inc. ("WTH"), and State Auto Mutual Insurance Company ("State Auto") on the plaintiffs' claims alleging intentional "spoliation of evidence." We affirm.
 I.
This case is related to four other cases decided this same day by this Court in Christian v. Chandler Construction Co.,658 So.2d 408 (Ala. 1995), and to Rouse v. Chandler,658 So.2d 405 (Ala. 1995), also decided this same day. Although this case, Rouse, and the cases decided in Christian arose from the same set of facts and were brought in the same circuit court, they were presided over by different circuit judges. While in the Christian cases and in Rouse, the circuit judges entered summary judgments for the defendants Kenneth Chandler, Lee Chandler, and Chandler Construction Company, the circuit judge in this case did not enter a summary judgment for Kenneth and Lee Chandler (it did enter a summary judgment for Chandler Construction); the Peeks' claims against Kenneth and Lee Chandler are still pending in the circuit court.
Because the facts regarding the incident from which these related lawsuits arose were thoroughly discussed inChristian, only the facts most relevant to this appeal are provided here. In August 1990, the Chandlers purchased a house in Huntsville; the house had an attached wooden deck. The deck stood approximately 20 feet above the ground. The Chandlers later placed the house for sale, and in April 1992 Perry and Vickie Vanderford made an offer to buy it, subject to its passing an inspection by a *Page 738 
professional home inspector. During the inspection, the inspector noted the presence of several small spots of rotting wood on the deck's handrail and on two floor boards on the deck. He conveyed the results of his inspection to the Vanderfords in a written report and presented them in a meeting at which Kenneth Chandler, who owns Chandler Construction, was present for at least part of the time. However, the home inspector did not advise the Vanderfords that the deck was dangerous to use or that it needed significant repair. He merely stated that two boards and a handrail needed to be replaced and that the deck had a remaining life span of up to five years. The Vanderfords did not make their purchase contingent on the sellers' performing repairs to the deck, but they did make it contingent upon the sellers' performing repairs to the roof of the house.
On Saturday, June 13, 1992, the Chandlers hosted a baby shower at their house; they served the refreshments on the deck. While approximately 20 guests were standing on the deck, it suddenly collapsed, causing severe injury to many of the guests, including Rick Peek and his wife Barbara Peek. Early the next morning, Sunday, Kenneth Chandler telephoned his insurance agent, Thornton, a principal in the WTH insurance agency, through which Chandler had purchased a homeowner's liability policy with State Auto. Thornton informed Chandler that he would try to contact an insurance claims adjuster, but said that he might not be able to reach one until Monday.
Chandler asked Thornton if he could "clean up" the area, because, he said, he was afraid his young daughter could be injured by debris from the collapsed deck. Thornton told Chandler that he could clean it up, but to take plenty of photographs of the scene and to secure the area. That same morning, Chandler photographed and videotaped the collapsed deck and then caused all of the debris to be removed from his property and eventually destroyed the following day. While the deck debris was being "cleaned up," Ricky Peek's father, James Peek, went to the Chandlers' house and attempted to view the scene of the accident and the "clean up" efforts, but was prevented from doing so.
Thornton stated in an affidavit that he had not instructed Chandler to dispose of the entire remains of the deck. He also stated that Chandler had not informed him of an intent to cause the deck materials to be destroyed. A State Auto claims representative was not informed of the deck collapse until the following Monday morning.
On September 25, 1992, the Peeks sued the Chandlers, alleging negligence and wantonness; they amended the complaint in November 1992 to add a claim against Chandler Construction Company. On August 3, 1993, the Peeks again amended the complaint to add claims against Thornton, WTH, and State Auto, alleging spoliation of evidence. The circuit court granted Chandler Construction's motion for a summary judgment on December 2, 1993, but denied the motion as to the Chandlers. The court entered a summary judgment for the defendants Thornton, WTH, and State Auto on January 3, 1994, and made that judgment final pursuant to Rule 54(b), Ala.R.Civ.P. The Peeks appeal from the judgment in favor of Thornton, WTH, and State Auto.
 II.
As in Christian, the plaintiffs in this action have asked this Court to acknowledge a new independent tort based on the intentional spoliation of evidence. However, unlike theChristian plaintiffs, the Peeks argue that a spoliation of evidence tort claim should extend beyond the Chandlers to third parties, such as Thornton, WTH, and State Auto.
In Christian, we explained why the facts of these related cases do not warrant the application of the general spoliation rule to the Chandlers' destruction of the deck materials. We first noted that, as social guests, the plaintiffs in these premises liability cases were licensees. Christian, 658 So.2d at 410. Thus, the Chandlers did not have a duty to the Peeks to actively maintain a safe premises, but only to not willfully or wantonly injure them. Id. at 410. Under this standard, the focus of these cases is on the Chandlers' knowledge regarding the condition of the deck before its collapse — whether they knew "before the collapse that the deck . . . could not support the weight of approximately 20 people." Id. at 413. *Page 739 
In both Christian and Rouse, the plaintiffs supported their premises liability claims against the Chandlers by arguing that the Chandlers' destruction of the deck debris created an inference that the Chandlers knew before the deck collapsed that it could not support the weight of all the Chandlers' social guests. Christian, at 412; Rouse, at 407. However, inChristian and Rouse, we held that the critical evidence relating to the Chandlers' knowledge of the condition of the deck before its collapse was the report of the independent home inspector employed by the Vanderfords and that "any knowledge of deterioration in the wood [the Chandlers] may have gainedafter the deck collapsed is immaterial." Christian, at 412;Rouse, at 407. We held that, given the facts of these related cases, the general rule relating to a party's spoliation of evidence was not applicable to the Chandlers' actions.Christian, at 413; Rouse, at 407. Accordingly, we ruled inChristian that the facts of the case also made it inappropriate to consider recognizing a separate cause of action for spoliation of evidence against the Chandlers. Christian, at 413.
Similarly, the facts of this case do not warrant our considering whether this Court should recognize a spoliation of evidence cause of action against third parties who did not directly cause the destruction of the deck materials, such as Thornton, WTH, and State Auto. Further, although the Peeks argue that Thornton, WTH, and State Auto "directed, recommended and approved" the destruction of the deck materials, the Peeks presented no evidence to support their claim. The summary judgment in favor of the defendants Thornton, WTH, and State Auto is affirmed.
AFFIRMED.
MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, INGRAM, and COOK, JJ., concur.[2]
[2] Although Justices Almon and Kennedy were not present at oral argument, they have studied the record and have listened to the tape of oral argument.