**Richard E. MEYN, Appellant,**

v.

**STATE of Iowa Appellee.**

**No. 97–1007.**

Supreme Court of Iowa.

April 28, 1999.

Hugh G. Albrecht of Tom Riley Law Firm, P.L.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, Joanne Moeller, Assistant Attorney General, and Julie Pulkrabek of Phelan, Tucker, Mullen, Walker, Tucker & Gelman, L.L.P., Iowa City, for appellee.

Considered by LARSON, P.J., and LAVORATO, SNELL, TERNUS, and CADY, JJ.

SNELL, Justice.

This case raises the question whether we should recognize its merit and create a new cause of action based on negligent spoliation of evidence. The evidence destroyed was a prosthesis inserted in plaintiff's knee during surgery. Plaintiff claims he wanted to keep the original prosthesis for evidence in a lawsuit after its replacement by a second prosthesis.

The district court granted the State's motion to dismiss. We affirm.

I. Factual and Procedural Background

In July 1988, the plaintiff, Richard Meyn, had knee replacement surgery performed at a Cedar Rapids hospital. Meyn continued to suffer problems with his left knee and was ultimately referred to a physician at the University of Iowa Hospitals and Clinics in Iowa City. In February 1989, Meyn had a second surgery performed at the university hospital on his left knee. The performing surgeon determined that the original knee prosthesis had failed. The surgeon removed the prosthesis and replaced it with a new one. Meyn claims that he directed his treating physicians to preserve the original prosthesis for use as evidence in future litigation regarding its defectiveness. Meyn claims that the doctors told him that the prosthesis would be preserved. The doctors dispute Meyn's claims that he made a request to university hospital personnel to preserve the device. Pursuant to hospital policy, the device was destroyed after a six- to eight-week period.

In August 1991, Meyn commenced a products liability lawsuit against the manufacturer of the original knee prosthesis. An expert witness hired by Meyn determined that without the original prosthesis it would be impossible to determine what caused the failure of the original device. The expert indicated that if the original prosthesis had been kept, he would have been able to identify the reason for the failure of the product, permitting Meyn to prosecute the lawsuit. Meyn claims that because the prosthesis was destroyed, he was forced to dismiss his products liability case.

After the State Appeals Board denied Meyn's tort claim regarding damages for the destruction of his original knee prosthesis, Meyn filed an action in district court against the State seeking damages for the destruction of the device. The action was premised on negligence, negligent spoliation of evidence, conversion, and breach of contract. The State filed a motion to dismiss Meyn's negligent-spoliation-of-evidence claim, asserting that such an action is not recognized in Iowa. The district court, Judge Kristen Hibbs presiding, granted the motion to dismiss on March 29, 1995.

The State subsequently filed a motion for summary judgment seeking dismissal of the claims for negligence, conversion and breach of contract. The district court granted the motion dismissing the conversion and breach-of-contract claims.

The State filed a second motion for summary judgment asserting in part that the negligence claim based on a bailment should be dismissed because Meyn would be unable to prove any damages. The motion was overruled by District Court Judge William Eads.

A bench trial was held on whether a bailment existed between Meyn and the staff at the university hospital regarding the device. On May 1, 1997, the court, District Court Judge August Honsell presiding, determined that Meyn had failed to prove the creation of any bailment. Meyn filed a notice of appeal.

II. Scope of Review

■ Plaintiff's appeal concerns the sole issue of whether the trial court erred in granting defendant's motion to dismiss plaintiff's claim based on negligent spoliation of evidence. Our review is for correction of errors at law. *Haupt v. Miller*, 514 N.W.2d 905, 907 (Iowa 1994).

III. Analysis

Plaintiff's claims based on conversion and breach of contract were rejected on defendant State's motion for summary judgment. The negligence claim based on a bailment was tried to the court which held that no bailment with the doctors or staff of the University of Iowa Hospitals was created, either expressly or impliedly. Our review of plaintiff's spoliation of evidence theory comes from the granting of defendant's motion to dismiss.

■ Under Iowa law a motion to dismiss can be sustained when there is a failure to state a claim on which any relief can be granted. Iowa R. Civ. P. 104(b). We review the allegations in the light most favorable to the pleader. *Curtis v. Board*

*of Supervisors*, 270 N.W.2d 447, 448 (Iowa 1978).

■ Plaintiff urges us to adopt a new tort cause of action denominated negligent spoliation of evidence. He states that traditional theories or causes of action are incapable of providing an adequate remedy. In support, he states that Florida and California have recognized this theory as a cause of action.

In *Miller v. Allstate Insurance Co.*, 573 So.2d 24, 26–27 (Fla.Dist.Ct.App.1990), Allstate was sued for breach of its agreement to preserve a wrecked automobile which denied plaintiff the opportunity to maintain a products liability suit against the manufacturer. The court held a cause of action was stated for negligent spoliation of evidence.

Similarly, the California Court of Appeals reached the same conclusion when a car dealer "destroyed, lost or transferred" certain physical evidence necessary to the plaintiff's lawsuit. *See Smith v. Superior Ct.*, 151 Cal.App.3d 491, 198 Cal.Rptr. 829, 833, 837 (1984) (relying on *Williams v. State*, 34 Cal.3d 18, 192 Cal.Rptr. 233, 664 P.2d 137 (1983)); *see also Velasco v. Commercial Bldg. Maintenance Co.*, 169 Cal.App.3d 874, 215 Cal.Rptr. 504, 506 (1985) (remnants of exploded bottle in defendant's attorney's office disposed of by cleaning person).

The State responds by noting that the majority of states considering the issue have declined to recognize negligent spoliation as an independent tort.

"In general, however, the tort of spoliation of evidence has not been widely adopted in other jurisdictions, nor has much agreement emerged on its contours and limitations." *Coleman v. Eddy Potash, Inc.*, 120 N.M. 645, 647, 905 P.2d 185, 187 (1995); *see also Edwards v. Louisville Ladder Co.*, 796 F.Supp. 966, 968 (W.D.La. 1992); *Koplin v. Rosel Well Perforators, Inc.*, 241 Kan. 206, 208, 734 P.2d 1177, 1179 (1987) (general rule is no independent duty to preserve possible evidence for the

use of others in litigation). Intentional spoliation of evidence has been recognized by a few courts as a cause of action. *See Hazen v. Municipality of Anchorage,* 718 P.2d 456, 463 (Alaska 1986); *Smith v. Howard Johnson Co.,* 67 Ohio St.3d 28, 29, 615 N.E.2d 1037, 1038 (1993).

Various reasons have been given for declining to embrace this new tort theory. First, it creates a "generation of endless litigation" and is inconsistent with the policy favoring final judgment. *See Koplin,* 241 Kan. at 214, 734 P.2d at 1183; *Edwards,* 796 F.Supp. at 970.

Second, it would be very difficult to define the limits of a duty imposed on a stranger to the litigation to preserve evidence. *See Edwards,* 796 F.Supp. at 968–70. Third, the speculative nature of the theory contains inherent problems.

"Speculation is a prime concern in the context of a spoliation claim because: it is impossible to know what the destroyed evidence would have shown. It would seem to be pure guesswork, even presuming that the evidence went against the spoliator, to calculate what it would have contributed to the plaintiff's success on the merits of the underlying lawsuit. Given the plaintiff has lost the lawsuit without the spoliated evidence, it does not follow that he would have won it with the evidence."

*Id.* at 969–70 (quoting *Federated Mut. Ins. Co. v. Litchfield Precision Components,* 456 N.W.2d 434, 437 (Minn.1990)); *see also Koplin,* 241 Kan. at 206, 734 P.2d at 1177 (noting appellee's argument that it is rank speculation as to whether the plaintiff could have ever recovered in the underlying action and, if so, the speculative nature of the damages). Finally, courts have felt no need for another cause of action when other remedies are available. *See, e.g., Christian v. Kenneth Chandler Constr. Co.,* 658 So.2d 408, 413 (Ala.1995); *La Raia v. Superior Ct.,* 150 Ariz. 118, 121, 722 P.2d 286, 289 (1986); *Murphy v. Target Prods.,* 580 N.E.2d 687, 690 (Ind.Ct. App.1991); *Federated Mut. Ins. Co. v.*

*Litchfield Precision Components,* 456 N.W.2d 434, 436–37 (Minn.1990).

Iowa remedies for spoliation of evidence include discovery sanctions, barring duplicate evidence where fraud or intentional destruction is indicated and instructing on an unfavorable inference to be drawn from the fact that evidence was destroyed. *See State v. Langlet,* 283 N.W.2d 330, 333 (Iowa 1979); *Shinrone, Inc. v. Tasco, Inc.,* 283 N.W.2d 280 (Iowa 1979); *Prudential Ins. Co. v. Lawnsdail,* 235 Iowa 125, 15 N.W.2d 880 (1944); *State v. Lambert,* 501 N.W.2d 64 (Iowa App.1993).

In the instant case, the spoliation of evidence occurred at the hands of a third party, *i.e.,* the personnel of the University of Iowa Hospitals, who were totally unconnected with any litigation arising between the plaintiff and the manufacturer of the allegedly defective prosthetic device. We believe that factor also lessens the impact of plaintiff's argument promoting the adoption of a negligent spoliation of evidence tort cause of action.

We decline to adopt the negligent spoliation of evidence theory urged by plaintiff as a separate tort cause of action. The trial court correctly sustained defendant's motion to dismiss this claim.

**AFFIRMED.**