The main opinion answers in the affirmative the certified question whether Alabama recognizes a cause of action for spoliation of evidence by a third party. It establishes as the elements of that cause of action, in addition to the elements of a negligence cause of action, a complicated *Page 439 
procedure for determining liability, involving a shifting rebuttable presumption and a "three-part test": "(1) that the defendant spoliator had actual knowledge of pending or potential litigation; (2) that a duty was imposed upon the defendant through a voluntary undertaking, an agreement, or a specific request; and (3) that the missing evidence was vital to the plaintiff's pending or potential cause of action." 771 So.2d at 432. Thus, despite its statement to the contrary, the main opinion has, in effect, adopted a new and independent cause of action for spoliation of evidence, by establishing for that cause of action elements distinct from, and supplemental to, the elements of a negligence cause of action. I do not agree that this Court should recognize a new and independent tort of spoliation of evidence against third parties; therefore, I dissent.
In Peek v. State Auto Mutual Insurance Co., 661 So.2d 737,738 (Ala. 1995), this Court declined, under the particular facts of that case, to consider "whether [it] should recognize a spoliation of evidence cause of action against third parties who did not directly cause the destruction of [evidence]." In the related case of Christian v. Kenneth Chandler Constr. Co.,658 So.2d 408, 413 (Ala. 1995), this Court refused to recognize a separate tort of spoliation of evidence in a first-party situation, where the alleged spoliator was a party to the underlying action. In Christian, this Court stated that "[a]lthough a few jurisdictions have recognized a new independent tort based on spoliation of evidence, the majority of courts considering the issue have declined to adopt such a new cause of action." Id. (footnotes omitted).
It appears that a small number of jurisdictions recognize an independent tort of spoliation of evidence in first-party situations or in third-party situations, or in both. See, e.g.,Hazen v. Municipality of Anchorage, 718 P.2d 456 (Alaska 1986) (recognizing the tort of intentional spoliation of evidence by a party); Holmes v. Amerex Rent-A-Car, 710 A.2d 846 (D.C. 1998) (recognizing the tort of negligent or reckless spoliation of evidence by a third party); Bondu v. Gurvich, 473 So.2d 1307
(Fla.Dist.Ct.App. 1984) (recognizing the tort of negligent spoliation of evidence by a third party); Coleman v. Eddy Potash,Inc., 120 N.M. 645, 905 P.2d 185 (1995) (recognizing the tort of intentional spoliation of evidence by a third party and declining to recognize the independent tort of negligent spoliation of evidence); Smith v. Howard Johnson Co., 67 Ohio St.3d 28,615 N.E.2d 1037 (1993) (recognizing a tort of spoliation of evidence by a party and against a third party); see also Eric Marshall Wilson, Recent Case, The Alabama Supreme Court Sidesteps aDefinitive Ruling in Christian v. Kenneth Chandler Construction Co.: Should Alabama Adopt the Independent Tort of Spoliation?, Ala. L. Rev. 971, 977-80 (1996) (identifying 9 states that have recognized the independent tort of spoliation of evidence and 15 states that have rejected it). However, a larger number of jurisdictions do not recognize the tort. See, e.g., La Raia v.Superior Court, 150 Ariz. 118, 722 P.2d 286 (1986) (refusing to recognize the independent tort of intentional spoliation of evidence by a party); Wilson v. Beloit Corp., 921 F.2d 765, 767
(8th Cir. 1990) (applying Arkansas law and holding that Arkansas does not recognize the tort); Temple Community Hosp. v. SuperiorCourt, 20 Cal.4th 464, 976 P.2d 223, 84 Cal.Rptr.2d 852
(1999) (refusing to recognize the independent tort of intentional spoliation of evidence by a third party); Meyn v. State,594 N.W.2d 31 (Iowa 1999) (refusing to recognize the independent tort of spoliation of evidence by a third party); Weigl v. QuincySpecialties Co., 158 Misc.2d 753, 601 N.Y.S.2d 774, 776 (Sup.Ct. 1993) (stating that "the majority of jurisdictions refuse to recognize such a cause of action" (citations omitted) and that "[t]he Courts of New York follow the majority view and do not recognize spoliation of evidence as a cognizable tort action");Trevino v. Ortega, 969 S.W.2d 950, 951 (Tex. 1997) (declining to recognize the *Page 440 
tort of spoliation of evidence by a party and not addressing the issue whether to recognize the tort by a third party). The Supreme Court of New Mexico recently, in Torres v. El Paso Electric Co., 127 N.M. 729,744, 987 P.2d 386, 401-02 (1999), surveyed jurisdictions on this issue:
 "This Court has previously recognized the tort of intentional spoliation of evidence. Coleman v. Eddy Potash, Inc.. . .
". . . .
 "In Coleman, we followed California, Alaska, and Ohio in recognizing the tort of intentional spoliation of evidence. We noted, however, that a majority of jurisdictions had rejected a separate cause of action for intentional spoliation of evidence and had chosen, instead, to rely exclusively on traditional remedies, such as sanctions for discovery violations or an instruction to the jury that spoliation gives rise to a permissible inference that the evidence would have been unfavorable to the spoliator. Since our decision in Coleman, the high courts of other states, including California, the state in which a separate cause of action for spoliation found its genesis, have now joined the majority of jurisdictions in relying solely on traditional remedies rather than recognizing a separate tort."
(Citations omitted.)
Several years after a California District Court of Appeal, inSmith v. Superior Court, 151 Cal.App.3d 491, 198 Cal.Rptr. 829
(Dist. Ct. App. 1984), had become the first court to recognize the tort of intentional spoliation of evidence by a third party, the Supreme Court of California joined the majority of jurisdictions and held that California does not recognize the tort of spoliation of evidence either by a party or by a third party. SeeCedars-Sinai Med. Ctr. v. Superior Court, 18 Cal.4th 1,954 P.2d 511, 74 Cal.Rptr.2d 248 (1998); Temple Community Hosp. v. SuperiorCourt, 20 Cal.4th 464, 976 P.2d 223, 84 Cal.Rptr.2d 852
(1999). In Temple Community Hospital, the Supreme Court of California, relying on its decision in Cedars-Sinai, summarized its rationale for not recognizing a tort of spoliation of evidence by a third party:
 "We do not believe that the distinction between the sanctions available to victims of first party and third party spoliation should lead us to employ the burdensome and inaccurate instrument of derivative tort litigation in the case of third party spoliation. We observe that to the extent a duty to preserve evidence is imposed by statute or regulation upon the third party, the Legislature or the regulatory body that has imposed this duty generally will possess the authority to devise an effective sanction for violations of that duty. To the extent third parties may have a contractual obligation to preserve evidence, contract remedies, including agreed-upon liquidated damages, may be available for breach of the contractual duty. Criminal sanctions, of course, also remain available.
 "If existing remedies appear limited, that may well be because third party spoliation has not appeared to be a significant problem in our courts. After all, the nonparty who is not acting on behalf of a party but is independently motivated to destroy evidence with the intent to interfere in the outcome of litigation between other parties must be a rarity, perhaps because such destruction can subject the nonparty to criminal prosecution.
 "Finally, our conclusion that recognition of a tort cause of action for intentional third party spoliation would be unwarranted is strengthened by the realization how anomalous it would be to impose such liability — including potential punitive damages — upon those spoliators who are third parties to litigation, when we have concluded in Cedars-Sinai that tort liability for spoliation should not be imposed upon litigants who engaged in such behavior to obtain an advantage in their own litigation. . . . *Page 441 
 "In sum, we conclude that the benefits of recognizing a tort cause of action, in order to deter third party spoliation of evidence and compensate victims of such misconduct, are outweighed by the burden to litigants, witnesses, and the judicial system that would be imposed by potentially endless litigation over a speculative loss, and by the cost to society of promoting onerous record and evidence retention policies."
20 Cal. 4th at 477-78, 976 P.2d at 232-33, 84 Cal. Rprt. at 861-62. I find the rationale of the Supreme Court of California inTemple Community Hospital persuasive, and, therefore, agree with the majority of jurisdictions that have refused to recognize the independent tort of spoliation of evidence by third parties. Accordingly, I would answer the certified question in the negative.