*1079 OPINION OF THE COURT
Stanley L. Sklar, J.
The issue presented is whether New York should recognize intentional spoliation of evidence as a tort when it is alleged that a physician falsified his records in order to avoid malpractice liability. The court declines to recognize spoliation of evidence as a tort under the facts of this case.
FACTS
The plaintiff, Doris Pharr, brought a malpractice action against Dr. Córtese, a breast cancer specialist, and other doctors, for failure to properly diagnose and treat breast cancer. Pharr now claims that Dr. Córtese falsified medical records in order to avoid malpractice liability. Pharr wishes to amend her complaint to add intentional spoliation of evidence as a separate cause of action.
Pharr was examined by Dr. Córtese on January 7, 1987 and February 4, 1987 after suffering soreness in her left breast. Pharr alleges that Dr. Córtese waited until May 12, 1987 before informing her that a biopsy should be performed. Dr. Cortese’s notes indicate, however, that Pharr refused a biopsy at her initial January 7 examination. Dr. Cortese’s note, written on his copy of a February 19 radiologist’s report, also suggests that Dr. Córtese advised Pharr to get a biopsy but that she persisted in her refusal. Moreover, after Pharr underwent a biopsy in May, Dr. Cortese’s May 20 note states "[finally permitted biopsy advised 2/87.”
Pharr contends that in or after May 1987 Dr. Córtese, in order to avoid malpractice liability, falsified three separate medical records: (1) the January 7 note; (2) the February 19 notation on the radiologist’s report; and (3) the postbiopsy May 20 notation.
Pharr now wishes to amend her complaint by adding intentional spoliation of evidence as a separate cause of action. Intentional spoliation was not set forth in the original complaint because Pharr’s counsel, an adjunct law school professor, was only recently made aware from a paper written by a student of cases in other States recognizing spoliation of evidence as a separate tort.
Pharr contends that the delay in amending the complaint is justifiable since the concept of intentional spoliation of evidence as a separate tort is a relatively novel one and was only recently brought to the attention of her attorney. Pharr also *1080 contends that since the spoliation issue has been fully explored in discovery and will be fully explored at trial, the amended complaint does not unfairly prejudice the defendant.
Dr. Córtese opposes the motion since there is no authority in New York for allowing such an amendment and because the case law of other jurisdictions cited by Pharr is inapplicable to the facts of this case.
DISCUSSION
Under the facts of this case, the court declines to accept Pharr’s invitation to create a new cause of action. Pharr’s assertion that she has suffered actual damages because Dr. Cortese’s alleged falsification has made prosecution of her case more difficult and more expensive is not persuasive. Pharr would have to spend roughly the same amount of time and money trying to prove Cortese’s negligence, even assuming that he did not falsify his records. Moreover, Pharr’s spoliation claim could work significantly in her favor because, if the jury believes that Dr. Córtese altered his records, the jury would likely assume that he was attempting to cover up his negligence.
Pharr relies upon two cases, from other States, which have recognized a cause of action for the spoliation of evidence, namely, Smith v Superior Ct. (151 Cal App 3d 491, 198 Cal Rptr 829 [1984]) and Bondu v Gurvich (473 So 2d 1307 [Fla 1984]). The reliance is misplaced. In both of those cases the spoliation of evidence made it extremely difficult or impossible for the plaintiffs to maintain or prove their causes of action. To the extent that plaintiff also relies upon the holding in a third case, Hazen v Municipality of Anchorage (718 P2d 456 [Alaska 1986]), which does appear to support plaintiff’s position, I decline to follow it. Even Hazen is closer to the category of cases in which the spoliation made it extremely difficult or impossible for a plaintiff to prove his case than is the instant case. Hazen involved an allegedly altered tape recording of a conversation. If the tape were unaltered, and if it sustained the plaintiff’s version of a conversation with an undercover police officer, it would have been all but conclusive in the case. In this case, however, Pharr has not been precluded from pursuing her claim nor has she lost an item of proof that would be almost dispositive of the case. Pharr simply alleges that she was not told to get a biopsy until May *1081 12, while Cortese’s note suggests that he recommended a biopsy as early as January 7. Obviously, either Pharr or Dr. Córtese is not telling the truth, and the jury will decide which of the parties is more credible after they each have a full opportunity to address the issue. Moreover, if the jury is satisfied from the evidence presented that Dr. Córtese intentionally altered these relevant records, the jury can infer that his purpose in falsifying the documents was fraudulent and that accurate medical records would have been unfavorable to his interests. (Matter of Eno, 196 App Div 131 [1st Dept 1921], retrial 118 Misc 186 [Sur Ct, NY County, Feb. 1922]; PJI 1:77.)
Nor does Pharr claim that she has a cognizable cause of action for spoliation of evidence because the allegedly altered records were relied upon by a subsequent treating physician to her detriment.
Pharr contends that, even if she did not suffer actual damages, she is nonetheless entitled to nominal and perhaps punitive damages because she has an absolute right not to have her medical records fraudulently altered by a physician seeking to escape malpractice liability. To support that claim Pharr relies on 8 NYCRR 29.2 (a) (3) which requires physicians to maintain accurate medical records. 8 NYCRR 29.2 (a) (3) and its statutory authority, Education Law §§6505 and 6509 relate solely to the role of the Board of Regents in supervising the admission to and the practice of the profession. Thus a physician’s failure to maintain accurate medical records would enable the New York State Board of Regents to bring disciplinary proceedings against the doctor, and does not give rise to a private cause of action under the facts of this case.
In conclusion, I decline to recognize intentional spoliation of evidence as a separate tort when a physician allegedly falsifies his records in order to avoid malpractice liability, when the plaintiff cannot show any injury, either by effectively depriving her of the prosecution of a malpractice claim or by adversely affecting her medical treatment, and when there are other appropriate measures to insure that physicians maintain accurate records, and that they do not intentionally alter them (see, e.g., Penal Law § 215.40).
Accordingly, Pharr’s application to amend the complaint is denied.