**Mary Alice FOSTER, personal representative of the Estate of Lance Foster, and Wade and Mary Alice Foster, individually, Plaintiffs,**

v.

**LAWRENCE MEMORIAL HOSPITAL, Michael Geist, M.D., Defendants.**

**No. 91–1151–SAC.**

United States District Court, D. Kansas.

March 12, 1993.

Memorandum and Order March 29, 1993.

Michael (MNI) Geist, M.D. and John Does, (1–3), defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

On May 6, 1989, Lance Foster, a student at the University of Kansas, was injured when a "large coke machine" fell on him at his scholarship hall. Foster was transported to Lawrence Memorial Hospital (LMH) in Lawrence, Kansas. At LMH, Foster received treatment from Dr. Michael Geist. Foster was later "life-flighted" to the Kansas University Medical Center in Kansas City, Kansas. On May 7, 1989, Foster died.

On April 30, 1991, Mary Alice Foster, as representative of the estate of Lance Foster, and Wade and Mary Foster, individually, brought this action against LMH, Michael Geist, M.D. and John Doe Defendants (1–3) for negligence and violation of "the Social Security Act § 1867(a)(b)(1)(A) as amended and/or 42 U.S.C. § 1395, and 42 U.S.C. § 1395dd ..."

On January 9, 1992, this court issued an order denying LMH's Fed.R.Civ.P. 12(b)(6) motion to dismiss the plaintiffs' 42 U.S.C. § 1395dd "COBRA" claim. In that order the court granted Geist's and LMH's motion to determine the place of trial. This case will be tried in Topeka, Kansas. On March 24, 1992, the plaintiffs filed their first amended complaint.

On September 11, 1992, this court granted in part and denied in part LMH's motion for summary judgment. In that order, the court granted LMH's motion for summary judgment on the plaintiffs' COBRA claims. The court also granted LMH summary judgment on some, but not all, of the plaintiffs' negligence claims.

William J. Pauzauskie, Topeka, KS, for plaintiffs.

Anne L. Baker, Thomas E. Wright, Wright, Henson, Somers, Sebelius, Clark & Baker, Topeka, KS, for Lawrence Memorial Hosp., defendant.

William F. High, James D. Griffin, Kristopher A. Kuehn, Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, KS, for

On December 10, 1992, the court denied Dr. Michael Geist's motion for partial summary judgment, or in the alternative, motion to strike on plaintiffs' spoliation of evidence claim. The court concluded that Kansas would, under the circumstances of this case, recognize the tort of spoliation. The court also concluded that genuine issues of fact precluded summary judgment. *See Foster v.*

*Lawrence Memorial Hospital,* 809 F.Supp. 831 (D.Kan.1992).

Notwithstanding this ruling, on pages 838–839 of the court's order, the court stated:

> From the plaintiffs' amended complaint, the pretrial order and memoranda addressing this issue, the court is uncertain of the plaintiffs' damage theory and the extent of damages claimed by the plaintiffs. Although Dr. Geist argues that the plaintiffs' have failed to plead damages, the court will allow the plaintiffs an opportunity to amend their spoliation claim to plead damages. The plaintiffs are granted leave to file an amendment to the pretrial order which articulates their theory of damages and the amount of damages claimed. In articulating the theory of their damages, the court expects the plaintiffs to demonstrate how the damages on their spoliation claim are not inseparable from their negligence claims. (footnotes omitted).

On February 1, 1993, the plaintiffs filed a proposed amendment to the pretrial order which states a claim for damages resulting from Dr. Geist's spoliation of evidence. In that amendment, the plaintiffs' seek damages in an amount not to exceed $2,056,894. In a memorandum attached to the proposed amendment, the plaintiffs contend that their damages under the spoliation claim are the same monetary amount as the damages they seek under their malpractice claims. The plaintiffs contend that these damages are not duplicitous in that recovery under the theory of malpractice operates to exclude the spoliation claim: If the plaintiffs prevail on their malpractice claim, they are precluded from recovering under the spoliation claim. If the plaintiffs do not prevail on their malpractice claims, the jury would then be required to consider their spoliation claim to determine whether Dr. Geist's acts prevented them from proving their malpractice claims.

On February 16, 1993, Dr. Geist filed a memorandum in opposition to the plaintiffs' proposed amendment to the pretrial order. Dr. Geist argues that the plaintiffs have failed to comply with the court's December 10, 1992, order. Specifically, Dr. Geist contends that the plaintiffs have failed to state how their spoliation claim is not inseparable from the malpractice claim. Dr. Geist complains that the plaintiffs simply want "two bites of the same apple." Dr. Geist contends that the plaintiffs cannot claim the "loss" of their malpractice claims and the entire amount of damages they seek under their malpractice claims as damages for the spoliated evidence. Dr. Geist also notes that the plaintiffs have been able to conduct this lawsuit without his personal notes, and contends that at best the plaintiffs can only claim a portion of their damages were caused by his destruction of the notes.

 The parties' research of this issue fell somewhat short of the court's expectations. The plaintiffs' brief contains two citations from two Florida decisions. Both cases were cited in the court's December 10, 1992, memorandum and order. In the first case, *Continental Ins. Co. v. Herman,* 576 So.2d 313, 314 (Fla.App. 3 Dist.1990), *rev. denied,* 598 So.2d 76 (Fla.1991) (Table), the Florida court of appeals held that because the plaintiffs had successfully proven their underlying personal injury action, they were not entitled to sue in tort for negligent spoliation of evidence. In the second case, *Bondu v. Gurvich,* 473 So.2d 1307 (Fla.App. 3 Dist.1984), the plaintiff simply quotes the necessary elements of a claim for negligence.[1] This sparse treatment of the factual and legal issues raised by the court is particularly troubling in light of the fact that the court granted the plaintiffs' two motions for an extension of time to file a proposed amendment. In every case, the court expects each party to shoulder his or her own burden of researching relevant issues. In the preparation of each party's proposed jury instructions and trial briefs, the court expects the parties to adequately support the arguments advanced.

The plaintiffs have not complied with the court's December 10, 1992, memorandum and

---

1. In *Bondu,* the plaintiff was unable to prove her malpractice claim due to the fact that critical records had been lost or destroyed by the hospital. The hospital had a statutory duty to maintain and furnish those records. Under those circumstances, the court held that the plaintiff's complaint stated a cause of action against the hospital for the loss or destruction of the records.

order. The plaintiffs have not demonstrated that their spoliation claims are not subsumed into their malpractice claims. If the jury is permitted to consider evidence that Dr. Geist destroyed his notes and is thereby permitted to draw a negative inference from his actions in deciding the plaintiffs' malpractice claims, how is it legally possible for the jury to find no malpractice yet, in the next instance, find Dr. Geist liable for spoliation? Because the plaintiffs contend that their damages from spoliation are identical to the damages that they would be entitled to recover under their malpractice claims had the spoliation not occurred, it is not apparent to the court, under the facts of this case, a means by which the plaintiffs can prevail on a separate claim of spoliation following a finding of no malpractice. Unless the plaintiffs concede that the evidence of Dr. Geist's destruction of his notes is not relevant to the plaintiffs' malpractice claims,[2] then, as the defendant suggests, the plaintiffs are attempting to present essentially the same claim to the same jury captioned under two different headings.[3]

█ In short, why should the court create a new tort out of what is essentially an evidentiary rule when the plaintiffs claim no damages that are distinct from their underlying claims? *See Pharr v. Cortese*, 147 Misc.2d 1078, 559 N.Y.S.2d 780 (S.Ct.N.Y.) (refusing to recognize intentional spoliation of evidence as a separate tort when a physician allegedly falsifies records in order to avoid malpractice because, *inter alia*, the jury can infer that the purpose of altering records was fraudulent and that accurate records would have been unfavorable to the physician's interest). In denying Dr. Geist's motion for summary judgment on the plaintiffs' spoliation claims, the court presumed that the plaintiffs' were seeking damages that are, at least in part, distinct from the damages arising out of the underlying malpractice claim. If the damages claimed by the plaintiff were distinct, the plaintiff might be entitled to proceed under both theories.

The plaintiffs have failed to demonstrate both factually and legally that it is necessary or appropriate to submit their claim for spoliation to the jury in the event that the jury finds no malpractice.

In light of the plaintiffs' arguments and the facts of this case, the court finds that the submission of the plaintiffs' claim for "spoliation" is unnecessary, potentially confusing and prejudicial. The plaintiffs may not assert a separate or independent claim for spoliation of evidence.

IT IS THEREFORE ORDERED that the plaintiffs' proposed amendment to the pretrial order (Dk. 136) is denied. The plaintiffs may not assert an independent or separate claim for the tort of spoliation of evidence.

## MEMORANDUM AND ORDER

### On Motion for Reconsideration

On May 6, 1989, Lance Foster, a student at the University of Kansas, was injured when a "large coke machine" fell on him at his scholarship hall. Foster was transported to Lawrence Memorial Hospital (LMH) in Lawrence, Kansas. At LMH, Foster received treatment from Dr. Michael Geist. Foster was later "life-flighted" to the Kansas University Medical Center in Kansas City, Kansas. On May 7, 1989, Foster died.

On April 30, 1991, Mary Alice Foster, as representative of the estate of Lance Foster, and Wade and Mary Foster, individually, brought this action against LMH, Michael Geist, M.D. and John Doe Defendants (1–3) for negligence and violation of "the Social Security Act § 1867(a)(b)(1)(A) as amended and/or 42 U.S.C. § 1395, and 42 U.S.C. § 1395dd . . ."

On January 9, 1992, this court issued an order denying LMH's Fed.R.Civ.P. 12(b)(6) motion to dismiss the plaintiffs' 42 U.S.C. § 1395dd "COBRA" claim. In that order the court granted Geist's and LMH's motion to

---

2. The plaintiffs do not suggest that they are willing to make such a concession.

3. The court recognizes that in order to prevail on the plaintiffs' spoliation claims they would be required to establish the additional elements of the tort of spoliation. However, if the plaintiffs are able to introduce the fundamental elements of their spoliation claims in proving their malpractice claims, it is unnecessary for the jury, at least in this case, to consider that same evidence under two different theories of recovery.

determine the place of trial. This case will be tried in Topeka, Kansas. On March 24, 1992, the plaintiffs filed their first amended complaint.

On September 11, 1992, this court granted in part and denied in part the LMH's motion for summary judgment. In that order, the court granted LMH's motion for summary judgment on the plaintiffs' COBRA claims. The court also granted LMH summary judgment on some, but not all, of the plaintiffs' negligence claims.

On December 10, 1992, the court denied Dr. Michael Geist's motion for partial summary judgment, or in the alternative, motion to strike on plaintiffs' spoliation of evidence claim. The court concluded that Kansas would, under the circumstances of this case, recognize the tort of spoliation. The court also concluded that genuine issues of fact precluded summary judgment. *See Foster v. Lawrence Memorial Hospital,* 809 F.Supp. 831 (D.Kan.1992).

Notwithstanding this ruling, on pages 838–839 of the court's order, the court stated:

> From the plaintiffs' amended complaint, the pretrial order and memoranda addressing this issue, the court is uncertain of the plaintiffs' damage theory and the extent of damages claimed by the plaintiffs. Although Dr. Geist argues that the plaintiffs' have failed to plead damages, the court will allow the plaintiffs an opportunity to amend their spoliation claim to plead damages. The plaintiffs are granted leave to file an amendment to the pretrial order which articulates their theory of damages

and the amount of damages claimed. In articulating the theory of their damages, the court expects the plaintiffs to demonstrate how the damages on their spoliation claim are not inseparable from their negligence claims. (footnotes omitted).

On March 12, 1993, the court entered an order, finding that the plaintiffs had failed to comply with the court's December 10, 1992, order. Specifically, the court held that the plaintiffs had failed, despite the fact the court had granted them an extension of time to file a proposed amendment,[1] to demonstrate that their spoliation claims are not inseparable from their malpractice claims.

On March 18, 1993, the plaintiffs filed a motion to reconsider the court's March 12, 1993, order.[2] The plaintiffs' contend that the court has misinterpreted Kansas precedent interpreting the tort of spoliation. Specifically, the plaintiffs contend that the Supreme Court of Kansas, in *Koplin v. Rosel Well Perforators, Inc.,* 241 Kan. 206, 734 P.2d 1177 (1987), never discussed any of the requirements imposed by this court and that this court has erroneously relied on precedent from other jurisdictions to deny their claim for spoliation.[3] The plaintiffs also contend that they were unaware that they were required to set forth independent damages in order to state a claim for spoliation. The plaintiffs now seek to amend the pretrial order to state a claim for spoliation in which they claim damages from increased mental anguish, nominal damages for the increased investigation and research expenses and punitive damages. The plaintiffs contend that

1. On page 5 of the March 12, 1993, memorandum and order, the order states that the court had granted the plaintiffs' two motions for an extension of time to file a proposed amendment. More precisely, the court denied the plaintiffs' first motion for an extension of time for noncompliance with D.Kan. Rule 114(a)(1), but subsequently granted the plaintiffs' second motion for an extension of time.

2. Plaintiffs' request for oral argument is denied as oral argument would not materially assist the court in deciding this motion. *See* D.Kan. Rule 206(d).

3. For example, in the plaintiffs' memorandum in support of their motion to reconsider, the plaintiffs' state:

> Most importantly, *Koplin,* supra, does not say the Court "should not create a new tort out of what is essentially an evidentiary rule when the plaintiff's [sic] claims on damages are distinct from the underlying claims", as per *Pharr,* supra.

In *Koplin,* it was unnecessary under the facts of that case for the Supreme Court of Kansas to address, or for that matter, discuss, the specific issues presented by this case. Therefore, the fact that the Supreme Court of Kansas did not address the issues presented in this case (as it had no occasion to address these issues) does not invalidate this court's analysis.

they considered including these damages in their proposed amendment to the pretrial order, but chose not to do so. The plaintiffs also contend that the court has ignored the Kansas rule prohibiting the splitting of causes of action.[4]

Dr. Geist has filed a response to the plaintiffs' motion. In that response, Dr. Geist contends that the plaintiffs' motion to amend should be denied as "[i]t is too late." Dr. Geist contends that the plaintiffs have failed to state a theory of damages and to demonstrate the separability of their claim, and as such, the court should deny the plaintiffs' motion to reconsider. In addition, Dr. Geist contends that the plaintiffs motion to amend should be denied as untimely. "As the plaintiffs [sic] own affidavits concede, these claims were considered *but not brought.*" Dr. Geist contends that the plaintiffs should not be allowed to amend the pretrial order one week before trial and that to allow such amendment would require additional discovery on the eve of trial.

### Analysis

The court has carefully considered the arguments of the parties and the relevant case law. Initially, it is important to remember that the Supreme Court of Kansas did not expressly recognize the tort of spoliation in *Koplin.* This court, relying upon the Supreme Court's decision *Koplin* concluded that Kansas would, under some circumstances, recognize the tort of spoliation. This court also concluded that the plaintiffs in the case at bar potentially stated a claim for spoliation. The plaintiffs have pointed to no other authority in Kansas which has expressly concluded that Kansas would recognize the tort of spoliation. Any arguments by the plaintiffs that the court has erroneously interpreted Kansas case law recognizing the tort of spoliation are therefore without merit.

Notwithstanding the court's determination that Kansas would recognize the tort of spoli-

ation, the court had serious reservations about the viability of the plaintiffs' spoliation claim, particularly under that facts and circumstances of this case. Therefore, the court's December 10, 1992, order not only required the plaintiffs to plead additional damages, but also demonstrate that this claim for spoliation is appropriate under the facts of the case. Nothing presented by the plaintiffs, either in response to the court's December 10, 1992, order, or in this motion to reconsider, has alleviated these concerns. In fact, the plaintiffs' arguments have essentially substantiated the court's concerns.

In regard to the plaintiffs' complaint that the court has erroneously relied on precedent from other jurisdictions, the court believes that it has correctly analyzed the relevant facts and made a reasonable interpretation of the law. In reaching its conclusion, the court has cited cases which are supportive of its analysis. Because no Kansas appellate court decision has recognized the tort of spoliation, it is obviously reasonable to look to other jurisdictions to fashion and shape the new tort.

Most importantly, the court believes its analysis to be analytically correct. The plaintiffs have not demonstrated how the jury could rationally conclude, having heard evidence that Dr. Geist destroyed his original notes (and are permitted to draw a negative inference from their destruction), find no malpractice, yet in the next instance, find Dr. Geist liable for spoliation. Obviously, if such a finding is not rationally possible, then it would be inappropriate to instruct the jury on the tort of spoliation. The plaintiffs have not directed the court's attention to a case involving a similar factual setting to the one at bar, i.e., a case in which the plaintiff was allowed to pursue a separate claim for spoliation where the jury has just decided that the alleged spoliator was not liable for the underlying claim (when the jury was allowed to

---

4. As the defendant suggests, this argument does not appear to be correct. If the plaintiffs lose their malpractice claims (and assuming the court's analysis of the plaintiffs' spoliation claim is in error), the plaintiffs would seemingly be entitled to bring an action for spoliation in a separate case as it represents a separate and distinct injury. This court's conclusion that it would be appropriate to try the underlying claim and the spoliation claim in a single action was primarily based upon the court's desire to avoid the necessity for two trials and interest in judicial economy.

consider evidence of the spoliation and draw a negative inference from its destruction in deciding the underlying claim). The cases cited by the plaintiff simply do not support such a conclusion as those cases are factually distinguishable from the case at bar.

The plaintiffs' articulation of their damage theory simply demonstrated to the court that their spoliation claim is inseparable from their underlying malpractice claims. In light of the fact that the plaintiffs claimed no distinct damages from those of their underlying malpractice claims, there was clearly no reason to present the spoliation claim, which would arguably only serve as a source of prejudice and confusion.

### Untimeliness

The plaintiffs' response to the court's December 10, 1992, order was inadequate. The plaintiffs made no attempt to explain how their malpractice claim was separable from their spoliation claim under the facts of this case. Moreover, the plaintiffs simply claimed the same damages claimed in their malpractice claims.

In this motion to reconsider, the plaintiffs have still not explained how it is possible for the jury to find no malpractice yet find Dr. Geist liable for spoliation. Therefore the fact that the plaintiffs now seek to claim damages for emotional distress, increased costs and punitive damages does not, in and of itself, answer the concerns previously articulated by the court. Assuming, arguendo, that the plaintiffs' claims for additional damages in some way demonstrates the need to submit the plaintiffs' spoliation claim to the jury, the plaintiffs' motion to amend is denied as untimely. This case is set for trial to begin on March 30, 1993. As the defendant suggests, this proposed amendment on the eve of trial would require additional discovery and potentially other unnecessary delays. The plaintiffs' motion to amend the pretrial order is denied on that basis alone. *See Woolsey v. Marion Laboratories, Inc.*, 934 F.2d 1452, 1462 (10th Cir.1991) ("While prejudice may be one ground justifying a denial of leave to amend, such a showing is not necessary. Indeed, '[u]ntimeliness alone may be sufficient basis for denial of leave to amend.... [P]rejudice to the opposing party need not

also be shown.'" (quoting *Las Vegas Ice and Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir.1990)).

IT IS THEREFORE ORDERED that the plaintiffs' motion for reconsideration and for permission to amend the pretrial order to plead additional damages (Dk. 150) is denied.