■ FREDDY LIZ et al., Respondents, v WILLIAM ZINSSER & CO., Appellant. (And a Third-Party Action.) [676 NYS2d 619] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Schmidt, J.), dated April 9, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff Freddy Liz allegedly sustained physical injuries when vapor from a can of BIN Primer Sealer Stain-Killer, a spray paint manufactured by the defendant, was ignited by a pilot light in the plaintiffs' kitchen. The plaintiff and his wife commenced the instant action, *inter alia,* to recover damages based on negligence, strict product liability, and breach of implied and express warranties.

To the extent that the plaintiffs' causes of action are predicated upon a theory of failure to warn, they are preempted by the Federal Hazardous Substance Act (*see, Wallace v Parks*

*Corp.,* 212 AD2d 132; *Warner v American Fluoride Corp.,* 204 AD2d 1; *Moss v Parks Corp.,* 985 F2d 736, 741, *cert denied* 509 US 906). Further, to the extent that the plaintiffs' causes of action are based on a manufacturing defect theory, they also should have been dismissed because of the plaintiffs' spoliation of evidence (*see, Kirkland v New York City Hous. Auth.,* 236 AD2d 170; *Lee v Boyle-Midway Household Prods.,* 792 F Supp 1001).

Finally, the court erred in not dismissing those causes of action predicated on a design defect theory, as the plaintiffs failed to demonstrate that it was feasible to design the product in a safer manner (*see, Voss v Black & Decker Mfg. Co.,* 59 NY2d 102, 108). Miller, J. P., Altman, McGinity and Luciano, JJ., concur.