OPINION OF THE COURT
Patricia P. Satterfield, J.
This Court holds that a cause of action based upon negligent spoliation of evidence may be asserted by an insured in a third-party action against its insurer based upon the insurer’s alleged loss or destruction of key evidence crucial to the insured’s defense in the underlying action.
This is an action to recover for damages to property caused by a water leak on March 15, 1998. In June 1999, Fada Industries, Inc., a tenant in a building located at 31-00 47th Avenue, Long Island City, New York, commenced this action against Falchi Building Co., L.P., and ATC Management, Inc. (codefendants), the owner and manager of the building, respectively, and Koolwear, Inc. (Koolwear), the cotenant whose water heater allegedly was responsible for the water leak; codefendants cross-claimed against Koolwear. Prior to the commencement of the action, Koolwear’s insurer, General Accident Insurance Co. (General Accident), on or about April 21, 1998, during the course of its investigation of Koolwear’s claim for property damage, allegedly caused the removal of the offending water heater from Koolwear’s premises; the water heater subsequently was lost or destroyed while in the possession of an agent of General Accident. Koolwear thereafter, on or about October 19, 2000, commenced a third-party action against General Accident seeking recovery for the negligent loss of the water heater based upon two theories: (1) that the loss impaired its ability to defend the action brought by Fada, and (2) the loss has prevented it from impleading those entities which negligently manufactured, installed, and/or repaired the water heater. Defendant moves to dismiss the third-party complaint on the ground that it fails to state a cause of action; Koolwear cross-moves for leave to serve an amended third-party complaint.
Motion to Dismiss
General Accident moves to dismiss the third-party complaint on the ground that it fails to state a cause of action *4 because the negligent destruction of evidence, which is the substance of Koolwear’s third-party action, is not a recognized tort in the State of New York.[1] On a motion to dismiss pursuant to CPLR 3211, the pleading is to be afforded a liberal construction, the facts as alleged in the complaint are accepted as true and the plaintiff is afforded the benefit of every possible favorable inference. (Leon v Martinez, 84 NY2d 83; Santos v City of New York, 269 AD2d 585; Jacobs v Macy’s E., 262 AD2d 607; Doria v Masucci, 230 AD2d 764; Hinrichs v Youssef, 214 AD2d 604.) In assessing a motion under CPLR 3211 (a) (7), a court properly may freely consider affidavits submitted by the plaintiff for the limited purpose of ascertaining whether they may remedy defects in the complaint or they establish conclusively that plaintiff has no cause of action. (Rovello v Orofino Realty Co., 40 NY2d 633.) Such “affidavits may be used freely to preserve inartfully pleaded, but potentially meritorious, claims.” (Id. at 635.) “[T]he criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one.” (Guggenheimer v Ginzburg, 43 NY2d 268, 275.) The determination to be made is whether the facts as alleged fit within any cognizable legal theory. (Leon v Martinez, supra, 84 NY2d at 88.) However, bare legal conclusions as well as factual claims that are flatly contradicted by the record are not presumed to be true on a motion to dismiss for failure to state a cause of action, and are not entitled to any such consideration. (Mayer v Sanders, 264 AD2d 827; Meyer v Guinta, 262 AD2d 463.) Moreover, where the plaintiff’s submissions conclusively establish that there is no cause of action, the cause of action should be dismissed. (Rovello v Orofino Realty Co., supra, 40 NY2d at 636; Held v Kaufman, 238 AD2d 546.)
The issue raised on this motion presents another opportunity to examine the question of whether spoliation of evidence is an actionable tort, within New York State. Two lower court decisions, Pharr v Cortese (147 Misc 2d 1078) and Weigl v Quincy *5 Specialties Co. (158 Misc 2d 753), which relies upon Pharr, are the two instances in which the spoliation of evidence theory has been rejected as a cognizable tort action by the courts of New York, notwithstanding the absence of appellate authority. The Weigl decision, especially, has been the basis for several federal court decisions that repeatedly state in words or substance that New York courts follow the majority view and do not view spoliation of evidence as a legally cognizable tort action. (See, Black Radio Network v NYNEX Corp., 44 F Supp 2d 565, 586; Tietjen v Hamilton-Beach/Proctor-Silex, 1998 WL 865586, *3, 1998 US Dist LEXIS 19404, *7 [ND NY, Nov. 25, 1998, McAvoy, Ch. J.]; Whittlesey v Espy, 1996 WL 689402, *1, 1996 US Dist LEXIS 17638, *2 [SD NY, Nov. 26, 1996, Jones, J.]; Mondello v Dun & Bradstreet Corp., 1996 WL 239890, *3, n 1, 1996 US Dist LEXIS 6189, *7, n 1 [SD NY, May 9, 1996, Sweet, J.], all citing Weigl v Quincy Specialties Co., 158 Misc 2d 753.) At issue is whether the facts of this case warrant a departure from the majority view.
It is beyond cavil that the Pharr and Weigl decisions were limited to the facts of those particular cases.[2] In reaching its decision, the Pharr court rejected “two cases, from other States, which have recognized a cause of action for the spoliation of evidence, namely, Smith v Superior Ct. (151 Cal App 3d 491, 198 Cal Rptr 829 [1984]) and Bondu v Gurvich (473 So 2d 1307 [Fla 1984]).” (147 Misc 2d at 1080.) The court reasoned: “The reliance is misplaced. In both of those cases the spoliation of evidence made it extremely difficult or impossible for the plaintiffs to maintain or prove their causes of action.” (Id.) The court, in Pharr, stated that “[u]nder the facts of this case, the court declines to accept Pharr’s invitation to create a new cause of action.” (Id.)
Several years after Pharr, the Supreme Court, New York County, in Weigl v Quincy Specialties Co., a workers’ compensation case, stated (158 Misc 2d at 756):
“The courts of New York follow the majority view and do not recognize spoliation of evidence as a cognizable tort action. A review of the relevant case *6 law in this jurisdiction has disclosed no case precedent which recognized spoliation as a valid tort action. Rather in Pharr v Cortese (147 Misc 2d 1078 [Sup Ct, NY County 1990]) the court refused to sustain intentional spoliation of records as a viable cause of action under the factual evidence of that case.”
The Weigl court, however, acknowledged that “this jurisdiction does recognize a common-law cause of action against an employer for negligently and intentionally impairing an employee’s right to sue a third-party tortfeasor notwithstanding the employee having received workers’ compensation benefits” (id. at 757), and granted the plaintiff leave to serve an amended complaint to substitute the spoliation claims with those causes of action. The Pharr and Weigl decisions, thus, both intimate that, on a proper set of facts, spoliation of evidence might be recognized as a cognizable tort.
Koolwear contends that since all of the cases relied upon by General Accident are fact specific, “spoliation of evidence should be recognized as a viable cause of action upon the facts here presented.” General Accident counters that “cases upon plaintiffs’ right to bring suit based upon a defendant’s interference with their right to sue another party are limited to those instances where the plaintiff is the employee [whose] employer destroyed evidence to prevent the target defendant from bringing them in as third-party defendants.” General Accident concludes that this Court should not recognize spoliation of evidence as an independent tort, particularly since such a tort is not recognized in the majority of jurisdictions in this country. General Accident further argues that the only exception to this arguably ironclad rule is those cases that stand for the proposition that a spoliation of evidence cause of action only is sustainable when asserted by an employee against an employer, citing DiDomenico v C & S Aeromatik Supplies (252 AD2d 41).
In DiDomenico v C & S Aeromatik Supplies (supra), the Appellate Division, Second Department, approved the striking of an answer and cross claims based upon the employer’s spoliation of all of the physical evidence thereby impairing the plaintiff employee’s right to sue a third-party tortfeasor, and granted summary judgment to a codefendant because the employer also was responsible for the destruction of all the evidence by which the codefendant might have defended itself against the plaintiff’s allegations. The Court granted the plaintiff employee’s summary judgment motion on his common- *7 law cause of action against his employee, as well as the defendant’s summary judgment motion seeking indemnification from the employer, which is the relief sought here against General Accident. (See also, Kirkland v New York City Hous. Auth., 236 AD2d 170 [dismissal of third-party action appropriate where crucial evidence was negligently destroyed]; Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin Air Conditioning Corp., 221 AD2d 243 [dismissal of complaint warranted where plaintiff negligently lost key piece of evidence before defendants could examine it]; Sage Realty Corp. v Proskauer Rose, 275 AD2d 11 [same]; New York Cent. Mut. Fire Ins. Co. v Turnerson’s Elec., 280 AD2d 652 [same].) Clearly, recognition of a viable spoliation of evidence claim is not anathema to the Second Department nor is invocation of such a claim against an employer by a stranger to the employer-employee relationship.
Courts in the State of New York indeed consistently have utilized the spoliation of evidence doctrine defensively as a remedial means of punishing the spoliator in a variety of ways by imposing sanctions. “In deciding whether to impose sanctions * * * courts will look to the extent that the spoliation of evidence may prejudice a party and whether a [particular sanction] will be necessary as ‘a matter of elementary fairness’ (Hartford Fire Ins. Co. v Regenerative Bldg. Constr., 271 AD2d 862, 863, quoting Puccia v Farley, 261 AD2d 83, 85, quoting Kirkland v New York City Hous. Auth, supra, at 175.)” (Lane v Fisher Park Lane Co., 276 AD2d 136, 139.) Such remedial actions include, for example, striking the pleadings. (New York Cent. Mut. Fire Ins. Co. v Turnerson’s Elec., 280 AD2d 652, 653 [holding that where a party destroys key physical evidence “such that its opponents are ‘prejudicially bereft of appropriate means to confront a claim with incisive evidence,’ the spoliator may be punished by the striking of its pleading (DiDomenico v C & S Aeromatik Supplies, 252 AD2d 41, 53, quoting Kirkland v New York City Hous. Auth., 236 AD2d 170, 174)”]; Squitieri v City of New York, 248 AD2d 201, 202 [“(w)hen a party alters, loses or destroys key evidence before it can be examined by the other party’s expert, the court should dismiss the pleadings of the party responsible for the spoliation”]; Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin Air Conditioning Corp., 221 AD2d 243 [dismissing plaintiff’s claim due to its “negligent loss of a key piece of evidence which defendants never had an opportunity to examine”]; see also, Liz v Zinsser & Co., 253 AD2d 413.) Courts of New York State also have imposed the sanc *8 tions of witness and issue preclusion (Yi Min Ren v Professional Steam-Cleaning, 271 AD2d 602 [where a crucial item of evidence is lost, either intentionally or negligently, the party responsible should be precluded from offering evidence as to its condition]; Strelov v Hertz Corp., 171 AD2d 420, 421 [defendant precluded from presenting any evidence in defense of suit based on allegedly defective rental car, except as to the parts of the car that defendant had not destroyed]).
In short, the defensive application of the common-law doctrine of spoliation, at least as to dismissal or trial sanctions when key evidence is destroyed prior to examination by the opposing party, is in wide use, at least in the First and Second Departments. The full dimensions of that common-law doctrine are still evolving, although it is clear that remedial action is obligatory in instances in which the lost or destroyed evidence is “crucial to the determination of the key issue.” (Atlantic Mut. Ins. Co. v Sea Transfer Trucking Corp., 264 AD2d 659, 660; see, Squitieri v City of New York, supra; Kirkland v New York City Hous. Auth., supra; Mudge, Rose, Guthrie, Alexander & Ferdon v Penguin Air Conditioning Corp., supra; Tawedros v St. Vincent’s Hosp., 281 AD2d 184 [refusing to apply “common-law doctrine of spoliation of evidence” where it did not appear that plaintiff would be unable to prove his case without the items of information missing from the copy of the record that defendant provided, or that defendant had otherwise gained an unfair advantage as a result of the missing information]; compare, Liz v Zinsser & Co., 253 AD2d 413; Squitieri v City of New York, supra.) Whether such remedial action should include the creation of a new tort cause of action is the issue squarely presented to this Court.
As “[t]he common law of tort deals with the relation between individuals by imposing on one a legal obligation for the benefit of the other and assessing damages for harm occasioned by a failure to fulfill that obligation (Prosser and Keeton, Torts § 53, at 356 [5th ed])” (Brown v State of New York, 89 NY2d 172, 178), it is fundamental to our common-law system that one may seek redress for every substantial wrong. (Battalla v State of New York, 10 NY2d 237, 240.) Whether to recognize a new cause of action, however, “is largely a question of policy.” (Donohue v Copiague Union Free School Dist., 47 NY2d 440, 445 [Wachtler, J., concurring].) “Critical to such a determination is whether the cause of action sought to be pleaded would be reasonably manageable within our legal system.” (Id.)
Decisions of courts of New York State acknowledge that the “spoliation of evidence” doctrine is predicated upon the ratio *9 nale that the destruction of evidence was so damaging to a party that it could not properly defend or prosecute the action. If spoliation of evidence can be the basis of a grant of a motion for summary judgment against the spoliator, what would be the rationale of depriving a party of the right to affirmatively assert a cause of action against the spoliator based upon the party’s inability to defend an action due to the spoliator’s loss or destruction of key evidence? And, if the doctrine of spoliation of evidence is a recognized cause of action between employee and employer, why not between insured and insurer? Here, Koolwear is stripped of its ability to defend in the main action because of the conduct of General Accident, its own insurer. None of the sanctions traditionally available to a party apply in this case. Neither the striking of the answer nor a preclusion order will aid in Koolwear’s defense of the action against it based upon its water heater causing damage to plaintiffs property. This Court is mindful that in the 10 years following the rejection of spoliation of evidence as a cognizable tort in the Supreme Court, New York County, only a few jurisdictions have adopted the minority view earlier adopted in California, Alaska and Florida.[3] Nevertheless, the issue is ripe for reconsideration, particularly in cases where the wronged party has no other remedy at law.
Generally, where the party has an alternative remedy or has failed to show injury proximately resulting from spoliation, courts have been reluctant to create a tort for spoliation of evidence. Other considerations militating against the creation of the tort in other jurisdictions include the uncertainty of the existence or extent of damages; recognition of the tort interferes with a person’s right to dispose of his property as he chooses; *10 destruction of the property may be reasonable under the facts of a specific case, i.e., destroying property for safety reasons; the tort may be inconsistent with the policy favoring final judgments; a plaintiff who loses his primary suit may bring a second suit by trying to establish that some relevant piece of evidence was not preserved.[4]
Other jurisdictions also have struggled with the issue of the appropriate time for bringing a spoliation of evidence claim, a legitimate concern, since principles of res judicata and collateral estoppel are implicated. Courts in some jurisdictions have ruled that such spoliation of evidence claims should be brought at the same time as the underlying claim (Smith v Superior Ct., 151 Cal App 3d 491, 503, 198 Cal Rptr 829, 837 [1984] [spoliation claim should be heard together with primary claim]), while other courts require the injured party to try, and *11 lose, the underlying claim before bringing a spoliation claim. (See, Kent v Costruzione Aeronautiche Giovanni Agusta, 1990 WL 139414, *9, n 12, 1990 US Dist LEXIS 12583, *25, n 12 [ED Pa, Sept. 20, 1990, Lord, J.] [“Not until there is a disposition with respect to the underlying civil action can it be determined whether the destruction of evidence has prejudiced plaintiff’]; Fox v Cohen, 84 Ill App 3d 744, 751, 406 NE2d 178, 183 [1980] [cause of action for negligent spoliation of evidence is premature until plaintiff actually loses her medical malpractice action due to lost EKG as damages are otherwise “purely speculative and uncertain”]; Federated Mut. Ins. Co. v Litchfield Precision Components, 456 NW2d 434 [Minn 1990] [resolution of a plaintiffs underlying claim is necessary to demonstrate cognizable injury for purposes of a spoliation action, should such a tort be recognized].) While these same policy considerations guide this Court’s decision, the unique facts of this case present a cogent reason for this Court to act affirmatively.
First and foremost, New York has adopted a strong public policy with respect to spoliation of evidence, particularly in those instances in which the evidence lost is “key.” This was acknowledged in Kirkland v New York City Hous. Auth. (supra) in stating: “After all, the importance of the device allegedly causing the injury as a physical item of evidence is critical: ‘the physical items themselves, in the precise condition they were in immediately after an accident, may be far more instructive and persuasive to a jury than oral or photographic descriptions’ (Nally v Volkswagen of Am., 405 Mass 191, 198, 539 NE2d 1017, 1021 [1989]).” (236 AD2d at 175.)[5] Here, the missing water heater and General Accident’s failure to preserve it will make it extremely difficult, if not impossible, for Koolwear to defend itself in the main action, which is based solely upon the offending water heater. It would be a terrible waste of judicial resources not to permit this third-party action to proceed, rather than await what must be the ultimate resolution of the main action, which Koolwear seems destined to lose. Thus, prematurity is not a serious concern. Nor is Koolwear’s claim speculative; the relief sought is indemnification. Plaintiff *12 alleges in its complaint that it sustained damages in the amount of $60,000, which is the amount sought to be recovered from defendants, including Koolwear, against whom the codefendants have asserted cross claims.
Moreover, as General Accident is Koolwear’s insurer, presumably General Accident would be obligated to pay whatever damages might be imposed upon Koolwear by virtue of General Accident’s defense of Koolwear in the main action, an issue that is not addressed by either party. The interesting scenario is that Koolwear arguably would be subject to the defensive application of the spoliation of evidence doctrine, solely because of General Accident’s loss of the evidence, a loss that ostensibly is adverse to both third parties’ interest. The facts of the instant case clearly support extending the DiDomenico v C & S Aeromatik Supplies decision, which applies to an employer-employee relationship, to the insured-insurer relationship, and to the recognition of a negligent spoliation cause of action under circumstances such as those presented here. From a policy perspective, the obligation of the insurer to defend must carry with it the obligation to preserve key evidence relied upon by its insured to defend against property damage claims. The recognition of a negligent spoliation of evidence claim under such circumstances clearly “would be reasonably manageable within our legal system.” (Donohue v Copiague Union Free School Dist., supra, 47 NY2d at 445.) The recognition of spoliation of evidence as an independent tort is the logical next step in the evolving recognition that there is a remedy for spoliation of evidence, as between parties to an action, separate and apart from sanctions under CPLR 3126. (See, DiDomenico v C & S Aeromatik Supplies, supra at 53 [“Separate and apart from CPLR 3126 sanctions is the evolving rule that a spoliator of key physical evidence is properly punished by the striking of its pleading”].) It is fitting that a party should have a remedy against a nonparty, particularly when that nonparty is the party’s insurer, for the nonparty’s loss or destruction of key evidence.
Here, the allegations in the third-party complaint show not only that the loss or destruction of the defective water heater impacts upon Koolwear’s ability to defend, but they also show that the loss or destruction impairs Koolwear’s ability to implead other parties, such as the manufacturer or repairer of the water heater. It thus is the holding of this Court that, on the facts of this case, the complaint states a cause of action for negligent spoliation of evidence and states a claim for negligent *13 impairment of the ability to sue a third party, a concept that was recognized in DiDomenico v C & S Aeromatik Supplies (supra). Accordingly, General Accident’s motion to dismiss the third-party complaint is denied.
Motion to Amend
Koolwear cross-moves to amend its third-party complaint to add a third cause of action for breach of contract of bailment or conversion, in addition to a cause of action for intentional tort and negligence, all based upon the loss of “key” evidence. It is well settled that leave to amend or supplement pleadings “shall be freely given,” unless the amendment sought is palpably improper or insufficient as a matter of law, or unless prejudice and surprise directly result from the delay in seeking the amendment. (Fahey v County of Ontario, 44 NY2d 934, 935; Adams v Jamaica Hosp., 258 AD2d 604; East Patchogue Contr. Co. v Magesty Sec. Corp., 181 AD2d 714; Nissenbaum v Ferazzoli, 171 AD2d 654; see, McCaskey, Davies & Assocs. v New York City Health & Hosps. Corp., 59 NY2d 755; CPLR 3025 [b].) It is equally well settled that the decision as to whether to grant leave is generally left to the sound discretion of the trial court, and that, in exercising its discretion, the court should consider how long the amending party was aware of the facts upon which the motion was predicated, whether a reasonable excuse for the delay was offered, and whether prejudice resulted therefrom. “A proposed amendment that creates prejudice or surprise to the opposing party should not be permitted [citation omitted]. In addition, the court must examine the underlying merit of the proposed amendment since to do otherwise would be a waste of judicial resources.” (Sidor v Zuhoski, 257 AD2d 564, 565.) A proposed amendment which is devoid of merit should not be permitted. (West Branch Realty Corp. v Exchange Ins. Co., 260 AD2d 473, 474; Hall Signs v Aries Striping, 236 AD2d 513; Nasuf Constr. Corp. v State of New York, 185 AD2d 305; Brown v Samalin & Bock, 155 AD2d 407.)
The proposed amended complaint purports to set forth three causes of action. The first cause of action seeks indemnification based upon defendant’s alleged breach of bailment or conversion. The second cause of action seeks indemnification based upon defendant’s alleged breach of its alleged duty to preserve and secure evidence and the resulting conduct that intentionally impaired Koolwear’s ability to defend claims asserted against it. The third cause of action, sounding in negligence, seeks indemnification based upon defendant’s alleged conduct *14 that negligently impaired Koolwear’s ability to defend claims asserted against it. At issue is whether the proposed causes of action contained in the proposed amendment have merit,
a. Breach of Bailment or Conversion Cause of Action
Koolwear’s proposed cause of action based upon breach of bailment or conversion is predicated upon the allegations that a plumber hired by General Accident removed the water heater for the purposes of inspection and testing, and that the plumber agreed in writing to return the water heater to Koolwear, but failed to do so. Koolwear alleges that the failure to return the water heater constituted a breach of bailment or conversion.
The determination as to whether the relationship is one of bailor and bailee turns on whether there is a relinquishment of exclusive possession, control and dominion over the property. (See, 9 NY Jur 2d, Bailments and Chattel Leases, §§ 13, 14; Dubay v Trans-America Ins. Co., 75 AD2d 312, 317.) It “depends on the place, the conditions, and the nature of the transaction” (Osborn v Cline, 263 NY 434, 437) and “ ‘may arise from the bare fact of the thing coming into the actual possession and control of a person fortuitously, or by mistake as to the duty or ability of the recipient to effect the purpose contemplated by the absolute owner.’ (Phelps v People, 72 NY 334, 358.)” (Martin v Briggs, 235 AD2d 192, 197.) In other words, a “[b]ailment does not necessarily and always, though generally, depend upon a contractual relation. It is the element of lawful possession, however created, and duty to account for the thing as the property of another that creates the bailment, regardless of whether such possession is based on contract in the ordinary sense or not.” (Foulke v New York Consol. R. R. Co., 228 NY 269, 275.) A bailment thus “may be created by operation of law. It is the element of lawful possession, and the duty to account for the thing as the property of another, that creates the bailment, whether such possession results from contract or is otherwise lawfully obtained. It makes no difference whether the thing be intrusted to a person by the owner or by another. Taking lawful possession without present intent to appropriate creates a bailment.” (Seaboard Sand & Gravel Corp. v Moran Towing Corp., 154 F2d 399, 402 [2d Cir 1946].) The “failure to return the object bailed is prima facie evidence of gross negligence, requiring the bailee to come forward with an explanation.” (Roth v Black Star Publ. Co., 239 AD2d 484, 485, citing Voorhis v Consolidated Rail Corp., 60 NY2d 878.) Here, a bailment was created when General Accident’s agent lawfully removed the water heater from Koolwear’s premises, *15 with no intent to do anything more than perform an inspection.
General Accident, however, argues that as the plumber was an independent contractor, no cause of action can lie against it based upon the plumber’s loss or destruction of the water heater. Koolwear counters that it is claiming that General Accident, not the plumber, breached its contract of bailment and was negligent by causing or allowing the water heater to be discarded, which apparently was done pursuant to the direction of another agent of General Accident. As the proposed amendment is neither palpably improper nor insufficient as a matter of law, that branch of the motion for leave to amend the complaint to add a cause of action based upon breach of bailment is granted. (See, Fahey v County of Ontario, supra; Adams v Jamaica Hosp., supra; East Patchogue Contr. Co. v Magesty Sec. Corp., supra.)
b. Prima Facie Tort Cause of Action
Koolwear also seeks leave to amend its third-party complaint to add a cause of action for prima facie tort based upon intentional spoliation of evidence. As a preliminary matter, to state a cause of action for prima facie tort the complaint must satisfy the pleading requirements, the elements of which are the “(1) intentional infliction of harm, (2) resulting in special damages, (3) without excuse or justification, and (4) by an act or series of acts that would otherwise be lawful.” (Christopher Lisa Matthew Policano, Inc. v North Am. Precis Syndicate, 129 AD2d 488, 489, quoting Burns Jackson Miller Summit & Spitzer v Lindner, 59 NY2d 314, 332; Curiano v Suozzi, 63 NY2d 113, 117.) With specific reference to the elements of an intentional negligent spoliation action, jurisdictions recognizing the tort of intentional spoliation of evidence require allegations that include: (1) pending or probable litigation involving the plaintiff; (2) knowledge on the part of the defendant that litigation exists or is probable; (3) willful or destruction of evidence by the defendant designed to disrupt the plaintiffs case; (4) disruption of the plaintiffs case; and (5) damages proximately caused by the defendant’s acts. (See, Viviano v CBS, Inc., 251 NJ Super 113, 125-126, 597 A2d 543, 549-550.) The proposed cause of action fails to meet the pleading requirements in a critical respect under both formulations.
Fatal to Koolwear’s proposed cause of action is the absence of allegations of malevolence. To succeed on a claim for prima facie tort under New York law, a plaintiff must allege “disinterested malevolence,” that is, that the defendant’s sole motive *16 was to harm the plaintiff. (Curiano v Suozzi, 63 NY2d 113; see, Shapiro v Central Gen. Hosp., 251 AD2d 317, lv denied 92 NY2d 811 [cause of action to recover damages for prima facie tort should be dismissed when complainant failed to allege that his conduct was motivated solely by malice]; see also, International Shared Servs. v County of Nassau, 222 AD2d 407; Niego v Braun, 212 AD2d 445; Precision Concepts v Bonsanti, 172 AD2d 737; WFB Telecommunications v NYNEX Corp., 188 AD2d 257.) Here, the proposed amended complaint is lacking the requisite allegation that defendant, in losing or destroying the water heater, was “solely motivated by disinterested malevolence.” (Griffin v Tedaldi, 228 AD2d 554, 555; see, Burns Jackson Miller Summit & Spitzer v Lindner, supra, 59 NY2d at 332; Molinoff v Sassower, 99 AD2d 528, 529; see, Tietjen v Hamilton-Beach/Proctor-Silex, 1998 WL 865586, *3, 1998 US Dist LEXIS 19404, *9 [ND NY, Nov. 25, 1998, McAvoy, Ch. J.] [stating that requisite for intentional spoliation of evidence is that “act [which] must be motivated by ‘disinterested malevolence’ ”].)
Hence, in the absence of alleged facts demonstrating that defendant’s actions were motivated solely by an intent to injure plaintiff, the complaint fails to state a cause of action for prima facie tort. (Fallon v McKeon, 230 AD2d 629; WFB Telecommunications v NYNEX Corp., 188 AD2d 257, 258-259, lv denied 81 NY2d 709.) Here, there are no allegations even tending to show that the loss or destruction of the water heater was the result of actual malice or willful misconduct on the part of General Accident. Thus, it is patent that Koolwear cannot establish the essential element of either a prima facie tort or intentional spoliation of evidence, if it were cognizable. Indeed, the allegations of the complaint in fact negate this requisite element. In effect, Koolwear purports to add a cause of action “entitled ‘prima facie tort’ as a ‘catch-all’ under which it merely reiterated the allegations asserted under several of the previously-asserted causes of action [citation omitted].” (Precision Concepts v Bonsanti, 172 AD2d 737, 738.) This it cannot do. Accordingly, so much of the cross motion that seeks leave to amend the third-party complaint to allege a prima facie tort predicated upon the intentional loss or destruction of evidence is denied.
c. Negligence Cause of Action
Koolwear further seeks leave to amend its third-party complaint to add a cause of action sounding in negligence based upon the negligent spoliation of evidence. To establish a prima *17 facie case of negligence, the plaintiff initially must establish the existence of a duty on the defendant’s part to the plaintiff, the breach of the duty, and that the breach of the duty was a proximate cause of an injury to the plaintiff. (See, Akins v Glens Falls City School Dist., 53 NY2d 325; Gordon v Muchnick, 180 AD2d 715.) As was stated in Akins (at 333), “a court always is required to undertake an initial evaluation of the evidence to determine whether the plaintiff has established the elements necessary to a cause of action in negligence, to wit: (1) the existence of a duty on defendant’s part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof. (See Prosser, Torts [4th ed], § 30, p 143.)”
The threshold question is whether General Accident owed a duty to preserve evidence to Koolwear, since absent a duty of care, there can be no breach and no liability. Koolwear alleges that “[o]nce obtaining the defective water heater and knowing full well that the loss had extended to the tenant below who was likely to make a claim for its damages, General Accident had a duty to preserve and keep the water heater so that it would be available in its defense of the action by the other tenant.”[6] Where, as here, the facts are undisputed and one inference may be drawn, the question of duty is for the court to determine as a matter of law. (See, Pulka v Edelman, 40 NY2d 781, 782; Donohue v Copiague Union Free School Dist., 64 AD2d 29, 33, affd 47 NY2d 440 [where facts undisputed, duty held a question of law for the court].)
It is well established that no duty to preserve arises unless the party possessing the evidence has notice of its relevance. (See, Danna v New York Tel. Co., 752 F Supp 594, 616, n 9 [SD NY 1990].) Where a party is on notice that litigation is likely to be commenced, the obligation to preserve evidence may even arise prior to the filing of a complaint. (Turner v Hudson Tr. Lines, 142 FRD 68, 73 [SD NY 1991].) That such a duty to preserve exists with respect to “key” evidence was indirectly acknowledged by the Second Department in State Farm Ins. Co. v Amana Refrig. (266 AD2d 372), in which the court determined that a toaster oven, which the defendants contended was an alternative cause of a fire, was not a key piece of evidence that should have been preserved. (See also, Longo v *18 Armor El. Co., 278 AD2d 127 [refusing to impose spoliation of evidence sanction where the missing items will not prevent a plaintiff from supporting her causes of action]; Fairclough v Hugo, 207 AD2d 707 [we agree with the IAS court that the plaintiffs have failed to establish that the alleged failure to preserve evidence would make it extremely difficult or impossible for the plaintiffs to establish their claim for malpractice]; compare, Gallo v Bay Ridge Lincoln Mercury, 262 AD2d 450 [finding that plaintiff’s failure to preserve the destroyed automobile at issue was not intentional, and that the plaintiff did not obtain any unfair advantage from the failure to preserve evidence].) Certainly, General Accident had a duty to preserve all evidence related to Koolwear’s claim pertaining to its own property damage and the potential claim of other tenants for damage to their property resulting from Koolwear’s leaking water heater.
As General Accident took possession of the water heater during the course of its investigation, it is not unreasonable to hold it responsible for its destruction or loss and to subject it to third-party liability for indemnification to Koolwear, which has nothing to defend itself against plaintiff’s cause of action against it. (See, Cohen Bros. Realty v Rosenberg Elec. Contrs., 265 AD2d 242, 243-244 [finding plaintiffs’ investigator negligent in failing to preserve all evidence relative to the origin and causation of a fire, since he should have known that the defendant would be identified as a potential defendant for having negligently installed a 20 amp circuit printer]; compare, Allis-Chalmers Corp. Prod. Liab. Trust v Liberty Mut. Ins. Co., 305 NJ Super 550, 558, 702 A2d 1336 [holding that the defendant manufacturer could not assert a third-party claim of spoliation of evidence against the insurance company as the insurance company had not affirmatively undertaken to preserve this evidence and it was not in the insurance company’s possession or control].)
In sum, Koolwear has alleged facts sufficient to establish the elements necessary to state a cause of action in negligence. The facts alleged establish that General Accident owed it a duty to preserve the water heater, that General Accident breached that duty, and that Koolwear has sustained an injury as a result. Moreover, the facts alleged also show that there was a reasonable basis for General Accident to know that litigation was probable, that the negligent loss of the water heater is disruptive of Koolwear’s defense, since in the absence of the water heater, which undisputedly is the key piece of evidence, *19 Koolwear is prevented from proving any defense to the action, as well as impleading any alleged tortfeasor with actual responsibility. In short, the allegations are sufficient to show that the missing water heater impairs Koolwear’s ability to defend against plaintiffs claims. Inasmuch as the original third-party complaint is viable, the motion to amend that complaint is granted, except to the extent that leave was sought to add a cause of action for the intentional spoliation of evidence.
Conclusion
Based upon the foregoing, it is ordered that General Accident’s motion to dismiss the third-party complaint is denied. Koolwear’s cross motion to amend is granted except to the extent that it seeks leave to amend the complaint to add a cause of action for intentional spoliation of evidence.

. The irony of the instant case is an effort by an insured to assert the tort of spoliation of evidence against its insurer, which presumably has an interest in defending the insured in the action asserted against it. “The duty to defend arises whenever the allegations in a complaint against the insured fall within the scope of the risks undertaken by the insurer, regardless of how false or groundless those allegations might be * * * the duty of the insurer to defend the insured rests solely on whether the complaint alleges any facts or grounds which bring the action within the protection purchased [citations omitted].” (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 310; Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169.) The parties do not discuss this obligation to defend. Instead, the parties are vigorously litigating the issue raised in this third-party action.

. The Pharr court “decline[d] to recognize intentional spoliation of evidence as a separate tort when a physician allegedly falsifies his records in order to avoid malpractice liability, when the plaintiff cannot show any injury, either by effectively depriving her of the prosecution of a malpractice claim or by adversely affecting her medical treatment, and when there are other appropriate measures to insure that physicians maintain accurate records, and that they do not intentionally alter them.” (147 Misc 2d at 1081.)

. Those jurisdictions include the District of Columbia (Holmes v Amerex Rent-A-Car, 180 F3d 294, 296 [“(I)n response to the first certified question, we hold that negligent or reckless spoliation of evidence is an independent and actionable tort in the District of Columbia”]); New Mexico (Coleman v Eddy Potash, Inc., 120 NM 645, 905 P2d 185 [1995] [New Mexico recognizing tort for intentional spoliation of evidence]); Ohio (Smith v Howard Johnson Co., 67 Ohio St 3d 28, 615 NE2d 1037 [1993] [certifying answers that Ohio would recognize negligent and intentional spoliation claims]); Washington (Ingham v United States, 167 F3d 1240, 1246 [“To be actionable, the spoliation of evidence must damage the right of a party to bring an action. See Unigard Sec. Ins. Co. v. Lakewood Eng’g & Mfg. Co., 982 F.2d 363, 371 (9th Cir. 1992)”]); and Michigan (see also, Swekel v City of River Rouge, 119 F3d 1259, 1265, n 1 [citing Smith v Howard Johnson Co., 67 Ohio St 3d 28, the concurring opinion stated: “Although the instant case comes from Michigan rather than Ohio, there is no suggestion that Michigan would not provide a remedy in tort for the wrong alleged here”]).

. The court in Larison v City of Trenton (180 FRD 261, 264 [D NJ 1998]) cogently outlined the status of spoliation of evidence as a cause of action in the other jurisdictions, stating: “[T]he courts of a number of states have refused to recognize a tort for spoliation. See, Elias v. Lancaster General Hosp., 710 A.2d 65 (Pa.Super. 1998); Monsanto Co. v. Reed, 950 S.W.2d 811 (Ky. 1997); Beers v. Bayliner Marine Corp., 236 Conn. 769, 675 A.2d 829 (1996); Henderson v. Tyrrell, 80 Wash.App. 592, 910 P.2d 522 (Wash.App. 1996) ; Boyd v. Travelers Ins. Co., 166 Ill.2d 188, 209 Ill.Dec. 727, 652 N.E.2d 267 (1995); Weigl v. Quincy Specialties Co., 158 Misc.2d 753, 601 N.Y.S.2d 774 (N.Y. Sup. Ct. 1993); Murphy v. Target Products, 580 N.E.2d 687 (Ind.Ct.App. 1992); Federated Mut. Ins. Co. v. Litchfield Precision Components, Inc., 456 N.W.2d 434 (Minn. 1990) (declined to recognize tort of spoliation of evidence in certified question but noted that instant facts were not conducive to recognition of spoliation tort); Gardner v. Blackston, 185 Ga.App. 754, 365 S.E.2d 545 (1988); Koplin v. Rosel Well Perforators, Inc., 241 Kan. 206, 734 P.2d 1177 (1987); La Raia v. Superior Court, 150 Ariz. 118, 722 P.2d 286 (1986); Miller v. Montgomery County, 64 Md.App. 202, 494 A.2d 761 (Md.App. 1985). In addition, other courts have declined to decide whether they would recognize a tort for spoliation of evidence, finding that the cases in which the question was presented were not conducive to such a determination. See, Yoakum v. Hartford Fire Ins. Co., 129 Idaho 171, 923 P.2d 416 (1996); Rodriguez v. Webb, 141 N.H. 177, 680 A.2d 604 (1996); Harrison v. Davis, 197 W.Va. 651, 478 S.E.2d 104 (W.Va. 1996); Peek v. State Auto Mutual Ins. Co., 661 So.2d 737 (Ala. 1995); Ely v. St. Luke’s Hosp., 182 Wis.2d 510, 514 N.W.2d 878, (disposition only, unpublished opinion), 1994 WL 24352 (Wis.App. Feb. 1, 1994); Panich v. Iron Wood Prod. Corp., 179 Mich.App. 136, 445 N.W.2d 795 (Mich.App. 1989). Finally, there is a split of opinion among the lower courts of Louisiana and Texas, as to whether recognition of a spoliation tort is appropriate. See, e.g., Bethea v. Modern Biomedical Svcs., Inc., 704 So.2d 1227 (La.App. 3 Cir. 1997) (recognizing spoliation tort but noting that other Louisiana courts had declined to recognize tort based on a general duty to preserve evidence); Malone v. Foster, 956 S.W.2d 573 (Tex.App.-Dallas 1997) (holding Texas does not recognize intentional spoliation tort); Ortega v. Trevino, 938 S.W.2d 219 (Tex.App.-Corpus Christie 1997) (determining Texas should recognize spoliation tort).”

. Compare, Longo v Armor El. Co. (278 AD2d 127 [refusing to impose spoliation of evidence sanction where the missing items will not prevent a plaintiff from supporting her causes of action]); Fairclough v Hugo (207 AD2d 707 [we agree with the IAS court that the plaintiffs have failed to establish that the alleged failure to preserve evidence would make it extremely difficult or impossible for the plaintiffs to establish their claim for malpractice]).

. General Accident argues that the complaint fails to allege that “KOOLWEAR attempted to retrieve the hot water heater at any time prior to FADA instituting suit or that KOOLWEAR requested General Accident or its ‘plumber’ to preserve or return the hot water heater.” This claim is of no consequence.